# Musselman's Estate.

*Construction of Devise as to Creation of Life Estates and Estates in Fee.*

A testator devised all his real and personal property to his widow, "so long as she lives, for her maintenance," adding "she shall have her choice to sell it or not, as she believes best for her;" and in another clause of the will provided that "with the third part of his estate she could do and bequeath to whom she pleases." *Held,* that her interest in her deceased husband's estate, was the freehold of the whole estate during life, and one-third thereof absolutely.

APPEAL from the Common Pleas of *Lancaster county.*

This was an appeal by the devisees, legatees, and heirs at law, from the decree of the court below, distributing the balance in the hands of John Swarr, trustee, appointed by the court to sell

the real estate late of Christian Musselman. The case was this :—

Christian Musselman died in the year 1829, having made a will in German writing, dated the 20th day of August 1829, and which was duly proven and admitted to probate by the register of Lancaster county, by which he disposed of his estate in the following manner, to wit :—(The translation here given is literal.)

"2d. It is my will that my whole estate, as well my real estate, as also my personal property, shall be my beloved wife's so long as she lives, for her maintenance. She shall have her choice to sell it or not, as she shall believe best for her.

"3d. It is my will that after her death, two third parts of my estate, that may yet be left in equal shares between four of my brothers, who I hereby name, namely : Henry, Michael, Daniel, and David Musselman, shall be divided, except two hundred dollars shall first of all be paid out of the above-mentioned two parts,—to Maria Kauffman, whom we have raised. If, however, my beloved wife shall deem proper, she shall have the choice to pay the above-mentioned two hundred dollars out of the above-mentioned two parts to the above-named Maria Kauffman, if she, my beloved wife, desire it.

"4th. It is my will that my beloved wife, with the third part of my estate, can do and *bequeath* ('Vermachen') to whom pleases. Also the inheritance which she has yet to receive from her mother, she may do with it what she pleases."

By the 5th and last clause the testator appointed his wife Susanna and his friend Martin Schwar, the executors, and authorized them to give a good right, if his wife desired his real estate to be sold.

On the 2d of September 1829, letters testamentary were granted by the register to Susanna Musselman, one of the executors (Martin Schwar having renounced).

By a deed of indenture, dated the 16th day of March 1849, the said Susanna Musselman, executrix, &c. (then Susanna Koerper, and her husband, Gottlieb Koerper), granted and conveyed 8 acres and 155 perches, part of the real estate late of said testator, to Henry K. Denham, for $1017.85, of which she received and took the one third part, being $339.28, and charged the balance on the premises during her life, the interest to be paid to her annually, and at her decease the principal to be paid as follows, to wit : $200 thereof to the said Maria Kauffman, and $478.57 to the testator's four brothers, Henry, Michael, Daniel, and David Musselman, in equal shares.

Susanna Koerper, the late widow of the testator, continued to occupy, possess, and enjoy the remaining part of the real estate of the testator, in East Hempfield township, Lancaster county, during her life, and died in 1859, having made a will,

dated the 13th of June 1854, and proven on the 12th of October 1859, of which she appointed John Swarr the executor.

By this will the testatrix bequeathed $600 specifically, and the residue she disposed of in the following words, to wit: " And as touching all the rest, residue, and remainder of my estate, real, personal, and mixed, of what nature or kind soever, after being sold by my hereinafter-named executor, at public sale or outcry, to the highest and best bidder, all moneys arising therefrom I give and bequeath unto my two sisters, viz., Magdalena Hoffman and Elizabeth Sensil, their heirs and assigns, share and share alike. And I do order and direct that my hereinafter-named executor shall, as soon as conveniently may be after my decease, sell and dispose of all my estate, real, personal, and mixed, at public sale or outcry, to the highest and best bidder. And I do hereby authorize and empower my hereinafter-named executor to sign, seal, execute, and acknowledge all such deed or deeds of conveyance as may be requisite and necessary for the granting and assigning the same to the purchaser or purchasers thereof in fee simple."

On the 12th of October 1859, John Swarr, the executor of the will of said Susanna Koerper (late Musselman), filed in the register's office at Lancaster, an inventory and appraisement of the personal estate of his testatrix, amounting to $1352.36. And on the 19th of May 1860, said executor exhibited his account of the administration of said Susanna's estate, into the register's office at Lancaster, which was confirmed by the Orphans' Court, showing a balance in the hands of said executor, due the estate, of $1194.87.

After the decease of said widow Susanna, the Court of Common Pleas of Lancaster county appointed John Swarr trustee, to sell the real estate late of said testator, Christian Musselman, who sold the same and filed his account thereof in said court, showing a balance of $2827.67 in his hands, which was to be distributed among those legally entitled thereto.

It was conceded by all parties that the two third parts thereof were to be distributed among the four brothers of the testator, Christian Musselman, to whom the same was bequeathed by his will, and to their legal representatives.

The remaining one third part was claimed by the heirs at law of the said testator, Christian Musselman, on the ground that the will of said testator gave his wife the power to do with and *bequeath* the one-third of his estate to whom she pleases; that this power was not executed by his widow, and therefore did not pass to her heirs, but was an intestacy, and passed to all the heirs at law of the said Christian Musselman.

They gave in evidence the will, inventory, and account of Susanna Koerper, deceased.

John Swarr, executor of the will of Susanna Koerper, deceased, claimed the said one-third for the estate of said Susanna, on the ground that the language of the will of Christian Musselman was an absolute bequest of the said one-third to his wife.

It was admitted that Susanna Koerper, the testatrix, and donee under the will of Christian Musselman, deceased, had no other real estate.

The auditor was óf opinion that the whole interest of the one-third of the estate of Christian Musselman, by the terms of the will vested absolutely in his wife, that she had power to dispose of it as she thought fit, and that it passed under her will without any special reference to any alleged power or appointment.

Under this view of the case, he awarded the one-third of the said balance to the executor of Susanna Koerper, deceased, for the use of her estate.

To this report exceptions were filed for the heirs at law and legatees of Christian Musselman, and for their assignees.

The court below (HAYES, P. J.) overruled the exceptions and confirmed the report. The case was then removed into this court, where the decree of the court below was assigned for error.

The questions argued on this appeal were—

1. Did the widow of Christian Musselman take one-third of his estate absolutely under his will, or only a life estate with a power to dispose ?

2. If a life estate with a power to dispose, is her will an execution of the power ?

*D. G. Eshelman* and *D. W. Patterson*, for the heirs, &c., argued that the widow's interest, under the will, was a life estate in his whole estate, with a power to dispose of one-third by will: citing Kent's Com. 319, 535, 536; 2 Story's Eq. §§ 1398, 1399; Brindly *v.* Westcott, 13 Ves. 445, 451; Archibald *v.* Wright, 9 Simmons 161; Hirstham's Appeal, 11 S. & R. 18; 3 Leonard 71; 1 P. Wms. 171; 1 Pick. 317; 17 Id. 339; Mutter's Estate, 2 Wright 314.

2. The power conferred on her by the will was never executed. In her will, there is no reference to the power or the property, and the account of her executor shows that she had an estate on which the will could operate. None of the signs of an intention to execute a power, collected in Wetherill *v.* Wetherill, 6 Harris 271, and Pennock's Appeal, 1 Id. 259, appear in it; whereas the rule is that the intention must be certain; 2 Story's Eq. 1062; 4 Kent's Com. 335; 6 B. & C. 733–734. She occupied, possessed, and enjoyed her husband's estate during her life. In her will, she uses language which includes only her

[Musselman's Estate.]

own estate. She could not, therefore, have intended to execute the power.

*H. B. Swaar*, for appellee, cited and relied on Allison *v.* Kurtz, 2 Watts 185; Pepper's Will, 1 Pars. 442; Morris *v.* Phaler, 1 Watts 389; and Robinson *v.* Dusgale, 2 Vern. 181.

The opinion of the court was delivered, June 5th 1861, by

LOWRIE, C. J.—We do not forget the general rule of interpretation of wills, that requires us to be liberal in favour of the heirs at law, and strict against devisees: but its application is excluded here, because, in general, provisions in favour of widows are to be liberally interpreted, because in this case the testator expressly declares what he intends for his heirs, and because he evidently intends to give his widow a liberal and generous control of his estate during her life and at her death.

He gives her all his real and personal estate as her own, "so long as she lives, for her maintenance," and allows her to "sell it or not, as she shall think best *for her*," and it is only two-thirds of what may be left at her death, that he distributes among his heirs: and even this is subject to a legacy to another person.

As to the other third, he says his widow "can do and leave to whom she pleases." This expression is open to grammatical criticism: but no amount of it can remove the prompt and spontaneous interpretation, that he intends her to have this much as her own property, to be disposed of as she pleases. It must therefore go according to her will, and so the court decreed.

Decree affirmed at the costs of the appellants.