## CATHARINE SNYDER v. JACOB H. BAER, EXR.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF YORK COUNTY.

Argued May 21, 1891.—Decided October 5, 1891.
[To be reported.]

(*a*) The will of a childless testator provided: "My beloved wife, Anna, shall have and hold the property in Bottstown where I now reside, said Anna to have the sole control of the same, during her lifetime; and at [her] discretion she shall order my executor to sell the real estate . . . . and the moneys realized . . . . . my executor shall pay over to my beloved wife, Anna, and she . . . . . shall have power to dispose of the same by bequeath, or as she directs : "

1. Under § 9, act of April 8, 1833, P. L. 249, the widow took a fee. The first clause of the devise being sufficient to pass the fee, and the subsequent provisions, giving her control of the property during her lifetime and the power to bequeath the proceeds in case of its sale, being surplusage, are insufficient to restrict the effect of the first clause, so as to cut down the devise to a life-estate.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 65 July Term 1891, Sup. Ct.; court below, No. 17 August Term 1891, C. P.

To the number and term stated of the court below, Catharine Snyder brought ejectment against Jacob H. Baer, executor of the will of Anna Shaffer, deceased, for a lot of ground in the city of York. On May 5, 1891, the parties entered into a case stated, setting out the facts in substance as follows :

Case Stated.

On or about September 13, 1883, Michael S. Shaffer, brother of the plaintiff and husband of the defendant's testatrix, died seised in his demesne as of fee of a certain lot of ground in the town of Bottstown, now in the city of York. He died seised of no other real estate. By his will dated February 16, 1877, and duly admitted to probate, the said testator provided as follows :

"In the name of God, amen. I, Michael S. Shaffer, . . . . being desirarss to Settle my wordly affairs, while I have strength and capacity So to do, Do make and publish this my last will and testament, . . . . . And as to Such worldly Estate as it has pleased God to intrust me with, I dispose of the Same as follows : First: I direct that all my debts and funeral Expenses be paid. . . . . Also, I direct that my beloved wife, Anna, Shall have and hold the property in Bottstown, where I now reside, Said Anna to have the Sole control of the Same, during her lifetime ; and, at the discretion of my beloved wife, Anna, She Shall order my Executor to Sell the real Estate at public Sale, or at private Sale, all my real Estate to the best advantage of my wife. And I hereby Empower my Executor to make deeds of conveyances for the Same as fully as I could have done in my lifetime, and the moneys realized from the Sale of my real Estate, my Executor Shall pay over to my beloved wife, Anna, and She the Said Anna, Shall have power to dispose of the Same by bequeath, or as she directs. Also, I direct that my wife Anna, Shall have and hold all my personal property for her own. . . . . And I do hereby make and ordain Jacob Baer Executor of this my last will and Testament; In witness whereof ". . . . .

The said testator left surviving him his widow, the said Anna Shaffer, but no lineal heirs, his next of kin and heir at law being his sister, the plaintiff in this case.

Anna Shaffer died November 14, 1889, leaving a will dated February 15, 1885, duly admitted to probate on November 22, 1889. At the time of her death she was not seised of, nor had she any interest of any sort in any other real estate than the above-mentioned lot of ground. By her will, she provided, inter alia, as follows :

" Also, I direct that my Executor Shall Sell at public Sale all my real Estate to the best advantage of my heirs hereinafter

named, and I hereby empower him to make Deeds of conveyances for the same as fully as I could have done in my lifetime ; and also, all my personal property to be Sold by my Executor, and the balance if any is left, Shall be Equally distributed among the several named persons to Jenny Petery wife of Jonathan Petery, Fertinent Petery, Daniel Petery, and Catharine Snyder wife of Henry Snyder, Share and Share alike, among those four persons named above, or their heirs, And I do hereby make and ordain Jacob H. Baer Executor of this my last will and Testament; In witness whereof,"' etc.

The Catharine Snyder named in said will, and the plaintiff in this action, are one and the same person.

If the court shall be of opinion that the fee-simple estate in the said land is in the heir at law of the said Michael S. Shaffer, then judgment to be entered for the plaintiff for the land in question, with costs of suit; otherwise, judgment to be entered for the defendant, with costs of suit; either party to have the right to sue out a writ of error.

After argument, the court, LATIMER, P. J., filed the following opinion and decree :

This is a close case ; but a careful examination of the numerous cases cited, and of many others, has strengthened the impression formed at the argument, that the fee in the premises in dispute is in the plaintiff, and that defendant's testatrix, Anna Shaffer, took under the will of Michael S. Shaffer no more than a life-estate, with power to direct a sale and appoint the proceeds, which she never exercised.

The ninth section of the act of April 8, 1833, declares: " All devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by a devise over or by words of limitation or otherwise in the will, that the testator intended to devise a less estate." The will of Michael Shaffer contains no devise over, but it does contain an express limitation of the estate devised to his wife " during her lifetime," and hence the act of 1833 does not apply.

But, it is contended that as the testator preceded the devise to his wife by general words expressive of an intent to dispose of his whole estate,—" As to such worldly estate as it has pleased

God to bless me with, I dispose of the same as follows," and as the wife was the sole beneficiary under the will, and is clothed with certain powers of disposal over the realty, and as there is no devise over, the widow took a fee notwithstanding the limitation contained in the devising clause.

It is a perfectly familiar principle, illustrated by a multitude of cases which it is not necessary now to cite, that where a testator, by general introductory words, evinces an intent to dispose of his whole estate, those words are to be carried into the devising clauses, and under them a specific devisee may take a fee without words of inheritance; but such introductory phrases will not of themselves create a fee, nor carry an estate clearly omitted: Rupp v. Eberly, 79 Pa. 141, nor enlarge a devisee's estate into a fee when there is a clear intention to give a less estate: Burkart v. Bucher, 2 Binn. 455. They may serve to supply the want of words of inheritance, but not to contradict or defeat an express limitation of the estate devised, such as this will contained.

It is true that a general devise with power to dispose of the corpus may carry a fee: Musselman's Est., 39 Pa. 469; Second Ref. Church v. Disbrow, 52 Pa. 219; and that a devise for life with an absolute power of disposal in some cases carries a fee: Morris v. Phaler, 1 W. 389; Grove's Est., 58 Pa. 429. But here, the power of disposal given to the widow, the life-tenant, is by no means an absolute power. On the contrary, it is limited both as to time and method. She is given discretionary power to direct a sale of the realty devised, but such sale is to be made by the executor; she is given the right to receive the proceeds, but has no power to expend them, only to dispose of them "by bequeath, or as she shall direct," which seems to contemplate a disposition of the proceeds by will. Her power is confined to the use of the realty for life, to directing its sale, and to appointing the proceeds by will. Such limited powers are entirely insufficient to enlarge an expressly defined life-estate into a fee under any of the decisions.

And where the estate is given for life only, though coupled with a general power of disposal, the devisee takes only for life, unless the general intent would be defeated by adhering to the particular intent: Second Ref. Church v. Disbrow, 52 Pa. 219. There is no general intent apparent in this will that would be

defeated by carrying out the expressed intention of the testator to give his wife a life-estate in his realty, with power of appointment of its proceeds if sold in her lifetime. And in Forsythe v. Forsythe, 108 Pa. 129, there was a devise for life, with an absolute power of disposal of the corpus, unlimited as to time or manner; and it was held that the devisee took only a life-estate, with power of disposal that was well executed by her devise of the premises in fee. Thus, the primary intent to give her only a life-estate prevailed, though she was clothed with all the powers of absolute ownership. And in Hinkle's App., 116 Pa. 490, it was held that where there was an express life-estate, a power " to sell and dispose of the same as he may desire " did not serve to enlarge the life-estate into a fee. It is true that, in the latter case, there was a devise over, but the ruling is not put upon that ground.

It is true that this widow was the only object of the testator's solicitude and the only beneficiary under his will; and that, in general, testamentary provisions for widows are to be liberally interpreted. Prima facie the first taker is the principal object of testator's bounty, and in doubtful cases the construction leans in favor of making the gift to him as effectual as possible : Rewalt v. Ulrich, 23 Pa. 388. But these rules of construction are operative only in doubtful cases, assisting in the interpretation of obscure phraseology, and are never permitted to modify a clearly defined gift or defeat an unambiguously expressed intent. When there is no ambiguity in the language, there will be no construction against the plain meaning, is a cardinal rule of construction of wills; and the interpretation is always to be liberal in favor of the heirs at law and strict against devisees. An heir at law can be disinherited only by express devise, or necessary implication, which has been defined to be such a strong probability than an intention to the contrary cannot be supposed: 3 Jarman on Wills, 5th ed., 704.

Here, the words of the devise clearly define the estate given to the widow to be a life-estate. The particular intent to provide for his widow in that way, and by the power of sale and appointment of proceeds conferred on her, is not in conflict with any general intent to be drawn from the whole scope of the will, and the particular intent prevails. Especially is this so in favor of the heir at law, the plaintiff in this case, who is

not to be disinherited by doubtful construction or conjecture as to the testator's intention: Rupp v. Eberly, 79 Pa. 141.

We can only judge of this testator's intention by the language he used; and its meaning is free from doubt. We must believe that he intended to die intestate of this land, if his widow should fail to exercise the power he conferred upon her of compelling the sale of the land, and of appointment of its proceeds. She did not exercise these powers. She never directed the land to be sold, and consequently the time never arrived for her, to exercise the power of appointment of the proceeds. Her power was limited, not general, but expressly confined to the proceeds of sale. And a power of appointment of the proceeds of sale is not well exercised by a devise of the corpus: Woods' Est., 1 Pa. 368. And hence her will, containing a general devise of all her land, was not an exercise of the power, even though the premises in dispute devised under her husband's will were all the land she possessed.

It follows from what has been said that the plaintiff, the heir at law of Michael S. Shaffer, took at his death a fee-simple estate in the premises in dispute, subject to the widow's life-estate, and subject to be defeated by her exercise of the power of sale and appointment conferred on her by her husband's will. This estate became absolute at the death of Anna Shaffer without having exercised the power; and the plaintiff, having an indefeasible estate in fee-simple in the premises in dispute, is entitled to their possession as against Anna Shaffer's executor.

And now, to wit: May 7, 1891, judgment on the case stated in favor of plaintiff and against defendant, for the premises described in the case stated, with cost of suit.

—Thereupon the defendant took this appeal, specifying that the court erred in entering judgment for the plaintiff, and in not entering judgment for the defendant.

*Mr. V. K. Keesey* (with him *Mr. Horace Keesey*), for the appellant:

1. The devising clause, directing that his wife " shall have and hold the property in Bottstown," is sufficient, under the act of April 8, 1833, P. L. 249, to pass the fee. The subsequent provisions were intended by the testator to be in the direction of enlarging, not restricting her powers. The fact

Arguments.

that the executor was to make sale and conveyance as she should direct, does not lessen her control, and is not inconsistent with her being a devisee in fee : Roberts v. Unger, 2 Pears. 241. If the words of the will leave it doubtful whether the testator intended to restrict the devise to less than a fee, the doubt must be resolved against the restriction : Shirey v. Postlethwaite, 72 Pa. 42 ; Rockell v. Eddinger, 81* Pa. 523.     The introductory clause, evincing an intent to dispose of his whole estate, should be considered in connection with the devising clause, to show that the testator did not intend an intestacy : Schriver v. Meyer, 19 Pa. 87 ; Wood v. Hills, 19 Pa. 513 ; Walker v. Walker, 28 Pa. 40 ; Mutter's Est., 38 Pa. 314.

2. The testator. ordains that the executor, when directed so to do by the widow, shall sell the realty and pay over the money to her, and that she shall have power to dispose thereof by bequest or as she directs. Such a bequest is an absolute gift : Merkel's App., 109 Pa. 238 ; Smith's App., 23 Pa. 9 ; Diehl's Est., 36 Pa. 120 ; Silknitter's App., 45 Pa. 365 ; Grove's Est., 58 Pa. 432. A general devise, with power to dispose of the corpus, carries a fee : Second Ref. Church v. Disbrow, 52 Pa. 219 ; Post v. Dillon, 8 Phila. 31 ; Rolloson v. Collum, 23 Pittsb. L. J. 155 ; Smith v. Fulkinson, 25 Pa. 109. A devise for life with an absolute power of disposal, carries a fee : Morris v. Phaler, 1 W. 389 ; Musselman's Est., 39 Pa. 469 ; Grove's Est., 58 Pa. 429 ; as will a devise in trust with a like power : Schieffelin v. Kessler, 5 R. 115. Even if she were not the owner in fee, her will was a good execution of the power of disposal given to her, inasmuch as she had no other real estate : § 3, act of June 4, 1879, P. L. 88 ; Keefer v. Schwartz, 47 Pa. 503.

*Mr. Robert F. Gibson,* for the appellee :

1. Whoever claims against the laws of descent must show a written title which can be decided sufficient: Lipman's App., 30 Pa. 184. The courts are not at liberty to conjecture as to the meaning and intention of a testator, but must take the meaning of his words : Clayton v. Clayton, 3 Binn. 484 ; Hancock's App., 112 Pa. 541. A will must be so construed as to render every part of it effective; restricting clauses cannot be ignored : Mutter's Est., 38 Pa. 321 ; Jarman on Wills, 415. Only in doubtful cases does the law lean in favor of the first

taker as the principal object of the testator's bounty: Smith's
App., 23 Pa. 9 ; Rewalt v. Ulrich, 23 Pa. 388.  Observe, that
the words, "for her own," used in connection with the disposi-
tion of the personal estate, do not occur in the clause which
relates to the realty.   An introductory clause expressive of an in-
tent to dispose of the testator's whole estate, cannot supply a
clear omission in the will.   In none of the cases in which such
clause has been given weight, were there words of limitation or
restriction: See Schriver v. Meyer, 19 Pa. 87 ; Wood v. Hills,
19 Pa. 513 ; Walker v. Walker, 28 Pa. 40 ; Burkart v. Bucher,
2 Binn. 455 ; Steele v. Thompson, 14 S. & R. 84.

2.  The appellant has cited Merkel's App., 109 Pa. 238, and
other cases, to show that the gift to the widow is absolute.
All the cases cited involved personalty solely, except Smith's
App., 23 Pa. 9, in which there were words of entailment, and
Grove's Est., 58 Pa. 429, in which realty and personalty were
jointly devised, but the realty was held to vest in fee on other
and distinct grounds.   Moreover, the power of disposal given
to the widow is not absolute, but restricted in time and man-
ner of execution; nor is it a power over the corpus.   Even if
it were an absolute power, it would not enlarge the life-estate
to a fee : Fisher v. Herbell, 7 W. & S. 63 ; Musselman's Est.,
39 Pa. 469; Palethorp v. Bergner, 52 Pa. 149; Hoffner v.
Wynkoop, 97 Pa. 132 ; Forsythe v. Forsythe, 108 Pa. 131 ;
Hinkle's App., 116 Pa. 497.

OPINION, MR. CHIEF JUSTICE PAXSON :

We agree with the court below that this is a close case.   Its
solution must mainly depend upon the proper construction of
the will of Michael B. Shaffer, deceased.   The testator, after
expressing his desire " to settle my wordly affairs," thus dis-
poses of the real estate in controversy :

" Also I direct that my beloved wife, Anna, shall have and
hold the property in Bottstown, where I now reside, said Anna
to have the sole control of the same during her lifetime ; and,
at the discretion of my beloved wife, Anna, she shall order my
executor to sell the real estate at public sale, or at private sale,
all my real estate to the best advantage of my wife.   And I
hereby empower my executor to make deeds of conveyances
for the same as fully as I could have done in my lifetime,

and the moneys realized from the sale of my real estate, my executor shall pay over to my beloved wife, Anna, and she, the said Anna, shall have power to dispose of the same by bequeath, or as she directs. . . . . Also I direct that my wife, Anna, shall have and hold all my personal property for her own."

The learned judge below held that the widow of the testator took but a life-estate in the land, with a power to compel a sale thereof, and to appoint the proceeds ; and that the testator intended to die intestate in case his widow failed to exercise these powers. From the case stated it appears that the widow never did exercise these powers ; the real estate in controversy remained unsold at the time of her death. This contest is between the heir at law of the testator and the executor of his wife. The court below entered judgment upon the case stated in favor of the heir at law.

A careful consideration of the case leads us to a different conclusion. The testator evidently intended to dispose of his entire estate. He was childless ; his wife was the sole object of his bounty ; there is no other person named or referred to in the will. The first sentence of the will in the paragraph above quoted carried the fee. He says his wife " shall have and hold the property in Bottstown, where I now reside." While this language in a deed would not carry the fee, it is otherwise in a will. Having thus given the fee, what was there to cut it down to a life-estate ? Admittedly nothing, except the next sentence, in which the testator says : " Said Anna to have the sole control of the same during her lifetime," etc. But this was mere surplusage. After giving a fee, it cannot be cut down to a life-estate by the unnecessary provision that she should have the control of it during her life. The testator may have thought that in some way, which he did not understand, his executor might interfere with his widow's enjoyment of the property, and the clause in question may have been inserted to prevent this. In either view of the case, the language is without legal effect, and might well have been omitted. He then orders the executor to sell the property whenever the widow shall direct, and then follows this significant sentence : " And the moneys realized from the sale of my real estate, my executor shall pay over to my beloved wife, Anna, and she, the said Anna, shall

have the power to dispose of the same by bequeath, or as she directs." The learned judge below construed this as merely a power of appointment of the proceeds of the sale, whereas it is an absolute gift of the money, and the superadded power of appointment is the merest surplusage. It detracts nothing from a fee for a testator to say that his devisee shall have the sole control of the property during her lifetime, and an absolute gift of money is not qualified by a superfluous authority to bequeath it. We have here a childless testator who gives the sole interest in the land to his wife. We think the case comes within the ninth section of the act of April 8, 1833, which declares: " All devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appears by a devise over, or by words of limitation or otherwise in the will, that the testator intended to devise a less estate."

The will of Michael Shaffer contains no devise over, nor do we find any express limitation of the estate to his wife for life only. I have not discussed the authorities. It is sufficient to refer to Morris v. Phaler, 1 W. 389 ; Musselman's Est., 39 Pa. 469; Second Ref. Church v. Disbrow, 52 Pa. 219 ; Grove's Est., 58 Pa 429.

> The judgment is reversed and judgment is now entered in favor of the defendant in the case stated.