## Caslow v. Strausbaugh, Appellant.

*Will—Construction—Fee simple estate—Presumption against intestacy.*
Where a testator gives to his wife "all real estate and all personal property of whatever kind and nature they may be to have and to hold or sell and convey the same at her own will and accord, and to pass title for the same and have the use of the proceeds thereof during her natural life," without a gift to any other person, and without any disposition of the remainder, the will vests in the wife an absolute fee in the testator's real estate.

Argued May 16, 1911. Appeal, No. 129, Jan. T., 1911, by defendant, from judgment of C. P. York Co., April T., 1911, No. 127, for plaintiff on case stated in suit of Jacob Caslow and Malinda Berthold, Executor and Executrix

of Margaret Caslow, Deceased, v. Isaac Strausbaugh. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.  Affirmed.

Case stated to determine marketable title to real estate. Before BITTENGER, P. J.

From the case stated it appeared that Samuel Caslow, husband of Margaret Caslow, died on March 11, 1888, seized in fee of the land in question.  By his will he gave his real and personal property to his wife.  The material portion of the will is quoted in the opinion of the Supreme Court.

Margaret Caslow died on March 15, 1910, leaving a will by which she authorized her executors to sell her real estate at public or private sale.  The executors contracted to sell the land in question to the defendant who refused to pay the purchase money alleging that the title was not marketable.

The court entered judgment for plaintiffs for $3,730.50. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff on case stated.

*James St. Clair McCall,* for appellant.

*Jos. R. Strawbridge,* for appellees.

PER CURIAM, July 6, 1911:

The question presented by this appeal is whether the widow of the testator took a fee under the following clause of his will: "And lastly, I give and bequeath unto my beloved wife Margaret all real estate, and all personal property of whatever kind and nature they may be to have and to hold or sell and convey the same at her own will and accord and to pass titals for the same and have the us of the proceeds thereof during her natural life. And further I do appoint my son Jacob T. Caslow as agent for my wife to act in her place and under her instructions,

as he may be requested by her, and no further if he shall live that long, if he should be called away she my wife is at liberty to celect a suteable person in his place." This part of the will was preceded by a direction in relation to the payment of his debts and followed by the attestation clause. There was no gift to any other person and no disposition of a remainder.

It is evident that the testator's intention was to provide for his wife alone. She was the sole beneficiary under his will and the estate he gave her had all the attributes of absolute ownership. Unless he gave her a fee he died intestate as to the remainder after the expiration of a life estate. Every presumption is against such an intention. "It detracts nothing from a fee for a testator to say that his devisee shall have the sole control of the property during her lifetime," Snyder v. Baer, 144 Pa. 278; and "A devise, generally or indefinitely, with power of disposition carries a fee:" Witmer v. Delone, 225 Pa. 450.

The judgment is affirmed.