## Tarter's Estate.

*Wills—Construction—Widows—Real estate—Qualifications applicable to devise to widow.*

1. Provisions in favor of widows are liberally construed.

2. Where a widow is devised a residence property by her husband and such devise is followed immediately by a gift to her of another and separate piece of real estate, and this is followed without punctuation marks by certain qualifications as to use and title, and it is doubtful whether the qualifications relate to both devises, the will should be construed to limit the qualifications so as not to cover the residence property given to the widow.

Petition for partition and answer. O. C. Phila. Co., July T., 1924, No. 2619.

*Raymond S. Shortlidge* and *Henry S. Borneman*, for petitioners.

*Philip Wallis* and *Edwin S. Dixon, Jr.*, for George F. Tarter, Jr.

VAN DUSEN, J., Nov. 5, 1926.—This is a proceeding in partition, and it is necessary to determine whether the decedent was the owner of the property designated *(a)* in the petition, and whether the petitioner (his widow) has any interest therein. This depends upon the question whether his mother, Amanda, took a fee or only a life estate in the residence property of his father, Franklin Tarter, under this provision of his father's will:

"Item I give and bequeath to my Wife Amanda during the time she remains my Widow all my household goods and Kitchen furniture beds bedding and all other articles and things purchased and provided by me for family use also all the interest from all money I have or may have and not invested at the time of my death to be invested in good first mortgages security the interest to be received by my Wife Amanda as the same may full due for her own benefit. I Also give and bequeath to my Wife Amanda the house and lot of ground I now reside on the lot being the same debth as the ajoining lot of C Harmen  Also the property known as the hall and ajoined lot of ground

at manatona near the township line all Taxes to be paid and to be Kept in good repair by my said Wife during the time she remains my Widow and at her death to gow to my son George F Tarter under the same provisions hereafter mentioned."

This is not punctuated by the decedent, and it is a matter of some doubt whether the qualifications "during the time she remains my Widow" in the last part and the gift over to the decedent's son, apply only to the property at Manatona or whether they also include the residence property. Though the last clause has no verb, it is not necessarily in the same sentence as the preceding clause. It may be an incomplete sentence by itself. Even if it was in the same sentence, the influence of these words would not necessarily reach back through the whole sentence. It most naturally applies to the property last mentioned; and of the two constructions that is the most strained which carries it back to the property previously mentioned. "Provisions in favor of widows are to be liberally interpreted:" Musselman's Estate, 39 Pa. 469. See, also, Finney's Appeal, 113 Pa. 11, and McCallum's Estate, 211 Pa. 205. The qualifications upon the widow's absolute estates, contained in the other two clauses, are not to be magnified into a general plan which will impose itself upon gifts in which the qualifications are not expressed. The gift of the residence property to the widow should, therefore, be regarded as absolute.

The widow had one son, Charles F. Tarter, who died before her, leaving issue. The residence property was never his, and his widow, the petitioner, has no interest in it. The property designated as premises *(a)* is, therefore, stricken from the petition. . . .

THOMPSON, J., did not sit.