Eberle *v.* Wood et al., Appellants.

404

Argued May 12, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Charles A. Mertens, Jr.,* with him *Charles A. Mertens* and *Charles M. Elliott,* for appellants.—The devise is subject to a condition: Bear v. Whisler, 7 Watts 144; Adams v. Johnson, 227 Pa. 454; Heller's Est., 16 Pa. Dist. Rep. 306; Zeisweiss v. James, 63 Pa. 465; Pattin v. Scott, 270 Pa. 49; Field's Est., 266 Pa. 474; Boulevard from Second Street, 230 Pa. 491.

The appellants submit that the wording of this condition together with its position in the gift clearly indicates that the devisees were to take nothing unless and until they performed it: Vanhorne v. Dorrance, 2 Dallas 304; Chambers v. Wilson, 2 Watts 495; Rupp v. Eberly, 79 Pa. 141; Fritz v. Menges, 179 Pa. 122; Dickey v. M'Cullough, 2 W. & S. 88; Hamilton v. Elliott, 5 S. & R. 375; Sheaffer v. Sheaffer, 37 Pa. 525; Brown v. Bennet, 75 Pa. 420.

The condition is a legal, valid and binding condition: Fritz v. Menges, 179 Pa. 122; Berlin's Est., 74 Pa. Superior Ct. 455; Zeisweiss v. James, 63 Pa. 465; Boulevard from Second St., 230 Pa. 491.

*Andrew B. Dunsmore,* with him *Chester H. Ashton* and *Peck & White,* for appellee.—The will contains a

complete system of distribution of all testator's estate: Tartar's Est., 291 Pa. 458; Williamson's Est., 302 Pa. 462.

The provision in the will respecting occupancy of the property is a subordinate intention: Kidd's Est., 293 Pa. 21; Billmyer v. Billmyer, 296 Pa. 31; Cross v. Miller, 290 Pa. 213.

The will contains no language operative as either a condition precedent or a condition subsequent effective to disturb the title in fee granted: Reilly v. Kerestes, 70 Pa. Superior Ct. 71.

The condition as argued for by defendants would also create an illegal restraint upon alienation: Rankin Regular Baptist Church v. Edwards, 204 Pa. 216; Drace v. Klinedinst, 275 Pa. 266.

OPINION BY MR. JUSTICE SCHAFFER, June 27, 1931:

Joseph F. Eberle, claiming to be the owner of the tract of land here involved, and being in possession thereof, filed his petition in the court below under the Act of April 16, 1903, P. L. 212, for a rule on the respondents to bring an action of ejectment against him within six months, to which an answer was filed, in which it was set up that the petitioner was not the owner in severalty of the land, but a tenant in common with respondents, and therefore they could not maintain ejectment against him. The court being of opinion that the petitioner was vested with the absolute fee simple title to the property, made the rule absolute and the respondents have appealed.

The controversy arises over the following paragraph of the will of Ambrose Close, who died September 17, 1916: "All the residue and remainder of all my estate real, personal and mixed remaining after the death of the said Candace King and Lena King [to whom he had in a preceding paragraph given a life estate], I give devise and bequeath to my nephews Julien Close and Leon J. Close [James L. Close] to be equally di-

vided between them, share and share alike, to be held by them their heirs and assigns forever; Provided that the said Julien Close and the said Leon J. Close [James L. Close] shall each or either of them, or their heirs, occupy the said devised premises as and for a domicile for a period of not less than ten consecutive years." The question to be answered arises out of the proviso. The life tenants are dead and neither Julien Close nor Leon J. Close (whose correct name is James L. Close) ever occupied the land. Julien Close died intestate, leaving to survive him a daughter, Mildred Close Wood, and a son, J. Leslie Close, each of full age, as his only heirs. Mildred Close Wood and her husband, together with J. Leslie Close and James L. Close by deed conveyed the premises to the petitioner, Joseph F. Eberle. We are of opinion, and so decide, that this deed vested in the grantee an absolute title in fee simple.

It is not controverted that had the testator stopped before writing the proviso clause, a fee simple would have been conferred upon Julien and James L. Close. This could not be denied, because the will so reads in clear language "to be equally divided between them, share and share alike, to be held by them their heirs and assigns forever." The words of the proviso which followed would, if given their full import, keep the fee, which was established in the two persons named, immediately on the death of the testator, suspended in the air indefinitely. It not only required the two devisees or one of them at some indefinite future time to occupy the premises as a domicile for not less than ten consecutive years, but if they did not do so, then their heirs, whoever and however many they may be, at some more remote time in the future, must fulfill the condition by occupying the premises as a domicile for ten consecutive years. We cannot believe that this fantastic scheme was the dominant idea and purpose in the mind of the testator when he penned his will; but that it was rather to vest the fee in the two persons named by him to receive

it, with the wish that they or one of them should occupy it as a home. There is no gift over if they do not do so and the testator thought he was disposing of everything he possessed, as the previous language of the document shows, "As to such estate as it hath pleased God to intrust me with, I dispose of the same as follows." Similar language in Cryan's Est., 301 Pa. 386, 399, we determined disclosed an intention not to die intestate as to particular properties and a plain purpose to dispose of the testator's entire estate. The absence of a gift over aids the construction that an absolute estate was intended to be given: Cassidy's Est., 224 Pa. 199, 201-2; Caslow v. Strausbaugh, 233 Pa. 69; Pattin v. Scott, 270 Pa. 49, 53-4; Graham v. Gamber, 95 Pa. Superior Ct. 187, 190. Such also would appear to be the policy underlying the Act of June 7, 1917, P. L. 403, section 12 [which reënacted the Act of April 8, 1833], to the effect that all devises of real estate shall pass the whole estate of the testator, "unless it appear by devise over or otherwise," etc., that a less estate was intended to be devised. The dominant purpose manifested by the will being to give a fee, the other expressions used are not sufficiently clear to cut it down to an estate upon condition. "Where words sufficient to vest an absolute interest are used in a will, such interest is not to be cut down by subsequent provisions unless the testator has indicated a clear intent to take away the estate previously given": Cross v. Miller, 290 Pa. 213, 216; Billmyer v. Billmyer, 296 Pa. 31, 33. Clearly the two nephews named in the will were the special objects of testator's benevolence, not his many relations who were not mentioned. Anything relating to them was subordinate. "Where the dominant purpose shown by a devise is to vest a fee, this estate cannot be stripped of its inherent attributes by subsequent words indicating an intent so to do": Deeter's Est., 280 Pa. 135, 141. "If the language employed is sufficient to vest an absolute interest, the testator must reveal a fairly clear purpose

to take away the estate previously given before a divestiture can be upheld": Kidd's Est., 293 Pa. 21, 25, and cases cited. "The policy of the law is to keep the alienation of land free from embarrassing impediments, and it endeavors to strip devises and grants of restrictive conditions tending to fetter free disposition; therefore, if the language of the condition is not clear......it is not given effect": Drace v. Klinedinst, 275 Pa. 266, 268. See also Pettin v. Scott, 270 Pa. 49, and cases cited therein.

We have carefully considered the many authorities cited to us by appellants to sustain their position that the gift in the will to the two nephews was a conditional one and that the condition annexed to the gift has not been met. We think that it is not the rule applicable to estates upon condition but the principles above set forth which control the question submitted to us, and that under these principles the petitioner, Joseph F. Eberle, is seized of an absolute estate in fee simple in the lands conveyed to him.

The order of the court below making absolute the rule to bring ejectment is affirmed at the cost of appellants.