## Shepard Estate

*John I. Watson,* for accountant.

MacElree, P. J., November 16, 1963.—Decedent, an unremarried widow, leaving to survive her no spouse, but issue, died December 16, 1962, leaving a will dated December 26, 1956, which was duly probated, and upon which letters of administration c. t. a. were granted January 21, 1963.

By the terms of her will, decedent provided, as follows:

"Dcembr 26., 1956

"Paul and his heirs gets every thing
that i have farm and mashinery cows
                              Colvard
grain and hay except Clyde gets
x my daugher
                    Shepherd
$500. five Hundred    Bobie    Donald,
Grand Son $100 One Dalar    Darriss & Lucille
                    Larock/          Biggs/
x Grand Daughters $1.00 One Dolar each
                              Children
Clara's children My daughters $1.00.    One
        Woods/
dollar each.    Bryand gets $1.00 One dollar
Walter gets One $1.00 dollar.    Cox $1.00
One Dollar.    Edward $1.00 One dollar.
And i get My home as it is as long
as i live Just as it has bin.
Paul & Kay has helt my home
for me and it has ben a wonderful
home and i ast the Lord it will be

Sadisfactry with each One of the
Heirs.

> the farm is not to be Sold till
> Deby is 21 years old if you dont
> Want to Run the farm Paul you
> Rent it hope this will be OK
> with you and Kay Your Mother
> Mattie Shepherd
> Witness            James B. Lysle
>                    Lincoln University Pa"

At the time of audit, the testimony of Paul Shepherd, a/k/a Paul J. Shepherd, was offered, identifying the full names of the pecuniary legatees, which are not the subject of any dispute.

In the petition for adjudication and statement of proposed distribution, there is submitted to this court the question of interpretation by the court of the conflicting provisions in the will of decedent.

The will is a holographic one and does contain two conflicting provisions, as follows:

The first provision provides: "Paul and his heirs gets every thing that i have farm and mashinery cows grain and hay except Clyde Colvard, my daughter, gets $500," and certain children and grandchildren get $1 each.

The second provision, which gives rise to the confliction, provides: "the farm is not to be sold till Deby is 21 years old if you dont want to Run the farm Paul you Rent it hope this will be OK with you and Kay."

The question submitted by counsel for the accountant is whether the devise to Paul Shepherd is subject to any enforceable restriction against alienation or other condition, or whether Paul Shepherd receives a full fee simple title.

### Findings of Fact

The devisee, "Paul" named in decedent's will is decedent's son, Paul J. Shepherd.

The legatee, Clyde Colvard, daughter of decedent, is one Anna Clyde Colvard, of Perryville, Md.

It is conceded that "Deby" referred to in the will, is a daughter of decedent's son, Paul J. Shepherd, and is presently 10 years of age.

There is no gift over.

No specific provision is made for the granddaughter, "Deby."

### Discussion

The first question has to do with the jurisdiction of this court to determine the extent of the estate devised to decedent's son, Paul.

All of the cases which counsel has called to the attention of the court, or which have otherwise come to its attention, have arisen on petitions for declaratory judgments, on rules to bring an action in ejectment, in equity proceedings, for partition or other proceedings in the courts of common pleas.

We are of opinion, however, that section 302 of the Orphans' Court Act of August 10, 1951, P. L. 1163, as amended, gives the Orphans' Court concurrent jurisdiction of title to real estate, and ". . . to determine the person to whom the title to real estate of a decedent or of the creator of an estate or trust subject to the jurisdiction of the orphans' court has passed by devise or descent or by the terms of the trust instrument . . ."

The subject estate being before this court for audit of the executor's account and on his petition for adjudication, we will assume jurisdiction to determine the question submitted.

Eberle v. Wood, 304 Pa. 403, is authority for the legal proposition, "Where words sufficient to vest an absolute interest are used in a will, such interest is not to be cut down by subsequent provisions unless the testator has indicated a clear intent to take away the estate previously given.

"The absence of a gift over aids the construction that an absolute estate is intended to be given.

"The policy of the law is to keep the alienation of land free from embarrassing impediments, and it endeavors to strip devises and grants of restrictive conditions tending to fetter free disposition thereof; if the language of the condition is not clear, it is not given effect.

"Where a testator after stating that he disposes 'of such estate as it hath pleased God to entrust him with,' gives and bequeaths 'to his two nephews all his estate real and personal to them their heirs and assigns' without a gift over, and provides that the nephews 'shall each or either of them, or their heirs occupy the said demised premises as and for a domicile for a period of not less than ten consecutive years,' the condition is not enforceable, and the nephews' gift in fee is not cut down by it.

"In such case as the dominant purpose manifested by the will was to give a fee, the other expressions used are not sufficiently clear to cut it down to an estate upon condition": Page 403, syllabus.

The late Mr. Justice Schaffer, in reaching his conclusions, cites Pattin v. Scott, 270 Pa. 49.

In Pattin v. Scott, the testamentary provision was " 'All the rest residue and remainder of my estate, real, personal, and mixed, I give, devise and bequeath to my niece, Lou Anna Pattin, and her heirs forever, with this proviso, that she, my said niece, shall not have the right to sell and convey in fee simple that portion of my real estate, passing under this clause of my will, situate in the Second Ward of the City of Pittsburgh, being a lot forty by eighty feet in the North East corner of Second Avenue and Cherry Alley, comprising premises Nos. 425 and 427 Second Avenue, for a period of Twenty-five (25) years after my decease.' "

The late Mr. Justice Moschzisker, speaking for our Supreme Court, in Pattin v. Scott, said: ". . . where it is apparent from the words of the will that the dominant purpose of the testator is to devise a fee simple estate, and the subsequent language indicates merely a subordinate intent to strip the estate thus given of one or more of its inherent attributes, the law will hold that this cannot be done; and the fee simple estate passes to the devisee with all of its inherent qualities."

To the same effect is Stineman v. Stineman, 382 Pa. 153, 157; and a somewhat analogous case is that of Hartman Estate, 2 D. & C. 2d 294.

We have given consideration to the question of the necessity for the appointment of a guardian ad litem for decedent's granddaughter, "Deby."

Construing the will as a whole, we find no provision by the terms of which any interest in decedent's estate passes to "Deby".

The will contains no provision for either the use or occupancy of the farm or any portion thereof for "Deby".

The will distinctly provides that if the devisee, Paul J. Shepherd, does not want to run the farm, he may rent it, which, in the opinion of this court, merely confers in him a right created by the first paragraph of the will.

We conclude that there are no adverse interests to be protected and, accordingly, find no occasion to appoint a guardian ad litem for "Deby".

We conclude that the last paragraph of the conclusions of law of decedent's will contains an unenforceable restraint on alienation.

We further conclude from consideration of the four corners of the will that decedent devised an absolute estate, in fee simple, to her son, Paul.

Distribution will be made in accordance with these conclusions of law.