David F. Smith and Mary J. Byers, Executors of the Will of Joseph B. Byers, deceased. Appeal of Ida C. Bushey.

*Will—Life estate—Trusts and trustees.*

Testator after directing that the residue of his estate should be divided among his four children provided as follows: " I direct that my daughter Ida shall invest her share of my estate as a first judgment or mortgage, and to receive the annual interest of the same during her natural life, and at her death it shall return to such of her children as shall then be living, and to the issue then living of such of them as may then be dead, such issue taking, and, if more than one, among themselves dividing the share or shares which their parent or parents respectively would have taken if then living." The shares of the other daughters were given to the executor in trust, " and at the death of my children above named, I direct that it shall be for their issue." The whole will showed an intention to equalize the children. *Held*, that Ida took a life estate only in the share given to her.

Argued May 18, 1898. Appeal, No. 389, Jan T., 1897, by Ida C. Bushey, from decree of O. C. York Co., sustaining exceptions to auditor's report. Before STERRETT, C. J., McCOL-LUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report.

The facts appear by the opinion of BITTENGER, P. J., which was as follows :

The testator after making several bequests to equalize his children, orders his real estate to be converted into money, and disposes of the balance remaining, as follows :

" And what is left over and above the above legacies shall be equally divided among my four children, or should they die before such division be made then it shall go to their issue as their parents share of my estate subject, however, to the following request.  I direct that my daughter Ida C., married to William H. Bushey, shall invest her share of my estate as a first judgment or mortgage, and to receive the annual interest of the same during her natural life, and at her death it shall return to such of her children as shall then be living, and to the issue then living of such of them as may then be dead, such issue taking, and, if more than one, among themselves dividing the share or shares which their parent or parents respectively would have taken if then living.

" I direct that my daughter Ollie B., wife of Joseph Comfort, Carrie and Elmira, shall receive the annual interest of their individual share of the residue of my estate as it shall be invested for them by my hereinafter named executors ; said investment not to be at the risk of my executors, but I direct them to make it as safe an investment for my children as possible ; and at the death of my children above named I direct that it shall be for their issue and should either of them die without children then the share of such one shall return and be part of my estate and be divided among my living heirs."

It appears from the statement of counsel for the executor that the said Ida C. Bushey mentioned in the first quoted bequest is the mother of several minor children who are entitled in remainder in the legacy bequeathed and who have no guardian, and hence, to the end that the legacy may be properly awarded, for the safety of the executor and the rights of said minor children, the exceptions were filed.

It is decided by the auditor that, notwithstanding the fact that the legacy is bequeathed subject to direction for investment in mortgage or judgment upon which investment the legatee is

to receive the annual interest during life, and principal at her death to go to her children or the survivors of them and the issue of such as may be deceased, that the said Ida C. Bushey has an absolute estate, and the legacy is awarded to her absolutely. The exceptions are to this award.

The auditor finds that the sisters of Ida C. Bushey, Mrs. Ollie B. Comfort and the Misses Carrie and Elmira Byers take only a life estate and sustains the trust created by the will as to their shares, although the bequests to them are absolute in the first instance and are afterwards reduced to life estates by the direction of the testator, that their shares shall be held by trustees and the income paid to them annually for life, and that at their death the principal to go to their children in remainder, or in default of children then among testator's living heirs.

This ruling is based upon a fair and proper construction of the language of the whole will. "Every will is to be construed from its four corners, to arrive at the true intention of the testator. Decisions upon other wills may assist, but cannot control the construction. The order in which devises are made in wills, is rarely of much importance:" Fox's Appeal, 99 Pa. 382. The question to be settled in giving construction to a will is not so much, what did the testator mean, as in the meaning of the words he has employed: Hancock's Appeal, 112 Pa. 532. But words must be read according to their plain ordinary meaning, taking the immediate context into view: Howe's Appeal, 126 Pa. 233.

In regard to the bequest to Ida C. Bushey the auditor decides that the language of testator "subject to the following request," and though immediately followed by the positive direction to invest, and for the disposition of the interest during the life of the legatee and the principal at her death, is only precatory, and therefore does not affect her bequest, so as to limit it during the life of said Ida C. Bushey. We are aware that in Pennsylvania mere precatory words will not convert a legatee or devisee of an absolute gift into a trustee, unless it affirmatively appear that they were intended to be imperative. But words expressive of a desire, etc., as to the direct disposition of the estate will constitute a bequest or devise.

All expressions in a will indicative of a testator's wish or will are commands: Burt v. Herron, 66 Pa. 400. It is different

when a testator, having made a disposition, expresses a desire that the devisee should make a certain use of his bounty: Hopkins v. Glunt, 111 Pa. 287. A will must be so construed as to give effect to every part of it and harmony to the whole instrument: McDevitt's Appeal, 113 Pa. 103. Although a fee be given in the first part of a will, it may be restrained by subsequent words so as to convert it into a life estate: Ulrich's Appeal, 86 Pa. 386. In a will "request" may impose a duty: Hutton v. Hutton, 41 N. J. E. 267; Colton v. Colton, 127 U. S. 300.

In the light of these well-established principles, governing the constructions of wills, can the auditor be sustained? Do not the words "subject to the following request" coupled with the direction to invest immediately following, unmistakably express the intention of the testator to create a trust for the benefit of Ida C. Bushey's children, as he did for the children of his other legatees? Especially in view of the fact that the whole will shows the testator's intention to equalize his children. We think the only difference in the devise of the shares of the testator's children in case of Ida C. Bushey is that she is to act as trustee of the shares devised, while in case of the other daughters the executor is made the trustee. A trust is created in the will for all of their respective children. By the express language used, the parents are only entitled to the annual interest for life, and at their respective deaths the devises are in remainder as provided in the will. See McDevitt's Appeal, supra; Affolter v. May. 115 Pa. 54; Gross, Adm., v. Strominger, 178 Pa. 64; Good v. Fichthorn, 144 Pa. 287; Presbyterian, etc., Missions v. Culp, 151 Pa. 467.

The auditor therefore erred in holding that Ida C. Bushey has an absolute estate in her legacy, and in awarding it to her absolutely.

And now, October 11, 1897, the report, so far as the award of the share of Ida C. Bushey, is set aside, and the legacy is ordered to be paid to her, only upon her giving security as required in case of devises of life estates in personalty, or that it be invested in a mortgage or judgment in accordance with the direction in the will, the executor seeing that the same is properly and safely executed and entered or recorded, securing the fund.

*Errors assigned* were in sustaining exceptions to auditor's report.

*N. M. Wanner*, with him *W. A. Miller*, for appellant.—The interpretation of a will must be in conformity with the legal meaning of the words, rather than with some supposed meaning of the testator: Howe's App., 126 Pa. 233 ; Stevens's App., 164 Pa. 214.

The precatory character of the testator's "request" in this case is not changed by his subsequent use of the words, "I direct: " Heck's Est., 170 Pa. 232; Good v. Fichthorn, 144 Pa. 288.

An absolute gift, especially of personalty, is not to be cut down by a later clause in the will, unless the testator's intention to modify the gift is unequivocally expressed : Heck's App., 170 Pa. 232 ; Evans v. Smith, 166 Pa. 629 ; Levy's Est., 153 Pa. 174 ; Bellas's Est., 176 Pa. 122.

The expression of a desire will not convert a devise into a trust, unless it appears that the testator did not intend to commit the estate to the discretion of the devisee : Good v. Fichthorn, 144 Pa. 289 ; Cressler's App., 161 Pa. 433 ; Pennock's Est., 20 Pa. 268 ; Merkel's App., 109 Pa. 239 ; Markley's Est., 132 Pa. 352; Burt v. Herron, 66 Pa. 400 ; Boyle v. Boyle, 152 Pa. 108; Van Dusen's Est., 5 Dist. Rep. 234; Bell's Est., 5 Dist. Rep. 421.

*Henry C. Brenneman*, of *Ross & Brenneman*, for appellees.— In the present case, the will taken as a whole must leave the irresistible impression that the testator meant to treat all his children alike : Fox's App., 99 Pa. 382.

Nor should the order of the bequests and devises have the effect of precluding the testator's intention as gathered from the whole will: Reck's App., 78 Pa. 435; Hitchcock v. Hitchcock, 35 Pa. 393.

PER CURIAM, May 30, 1898:

We find no error in the decree from which this appeal was taken. The questions involved were well considered and correctly decided by the learned president of the orphans' court, and, on his opinion, the decree is affirmed and appeal dismissed at appellant's costs.