## Miller v. Stubbs, Appellant.

*Wills—Residuary bequests—Absolute gifts—Precatory words—Trusts—Case stated.*

1. After an absolute bequest or devise has been made, no precatory words of the testator to his legatee or devisee can defeat the estate previously granted, nor can a clearly expressed purpose of a testator be overborne by modifying directions that are ambiguous and equivocal.

2. Where, on a case stated to determine the character of a wife's interest in certain real estate devised to her by her deceased husband it appeared that the property had passed under an absolute bequest of testator's residuary estate "to my beloved wife......

desiring that she shall use such portion of my estate as may seem best to her in the support of my beloved son Robert......and my beloved daughter, Edith, and in case of her re-marriage pay ten thousand dolars to each of them then living," the lower court correctly decided that the wife took the estate absolutely, free of any trust in favor of the children named, particularly as, from another clause in the will creating a trust in unequivocal language, the inference was to be drawn that had the testator intended to create a trust in their favor, he would have used words as unequivocal for the purpose.

Argued Feb. 9, 1914. Appeal, No. 337, Jan. T., 1913, by defendant, from judgment of C. P. Chester Co., Oct. T., 1913, No. 35, for plaintiff on case stated in case of Annie A. Miller v. C. Walter Stubbs. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Case stated to determine plaintiff's interest in certain real estate. Before BUTLER, J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff on the case stated. Defendant appealed.

*Error assigned* was the judgment of the court.

*S. D. Ramsey,* with him *Irvine R. Dickey,* for appellant.

*Paul Freeman,* for appellee.

OPINION BY MR. JUSTICE BROWN, March 23, 1914:

J. M. Cresson Dickey died October 29, 1908, and the question brought up to us on this appeal is whether his widow took his residuary estate absolutely, free from any trusts, under the following clause in his will: "All the residue of my Estate, real and personal of which I shall die seized and possessed, I bequeath absolutely to my beloved wife, Annie Arnot Dickey, desiring that she

shall use such portion of my estate as may seem best to her in the education and support of my beloved son, Robert Graham Dickey, and of my beloved daughter, Edith Scott Dickey, and in case of her remarriage pay Ten Thousand ($10,000) Dollars to each of them then living." On October 10, 1912, the widow married William D. Miller. On July 13, 1913, she entered into an agreement with C. Walter Stubbs, the appellant, to sell him a certain lot or piece of ground which formed a part of the testator's residuary estate. Stubbs subsequently refused to take title from her, on the ground that a fee simple to the lot had not passed to her under her husband's will, his contention being that the entire estate given her was impressed with a trust in favor of Robert Graham Dickey and Edith Scott Dickey, adopted children of her husband. From the judgment of the court below, that the appellee took an absolute estate under her husband's will, free from any charge or trust, we have this appeal by her vendee.

Under the words "all the residue of my estate, real and personal of which I shall die seized and possessed. I bequeath absolutely to my beloved wife, Annie Arnot Dickey," the appellee was given the residue of the testator's personal estate absolutely, and there passed to her a fee simple in his real estate. What was thus absolutely given to her is not to be cut down by the words which immediately follow, unless they unequivocally show an intention of the testator to reduce the estate given in the first instance. A clearly-expressed purpose of a testator is not to be overborne by modifying directions that are ambiguous and equivocal: Sheetz's App., 82 Pa. 213; Coles v. Ayres, 156 Pa. 197; Post Printing & Pub. Co. v. Insurance Company, 189 Pa. 300; Devine's Est., 199 Pa. 250. "The rule is well expressed by STRONG, J., in Sheets's Est., 52 Pa. 257, thus: 'If a testator give an estate of inheritance......and in subsequent passages unequivocally shows that he means the devisee to take a lesser interest only, the prior gift is restricted ac-

cordingly.' As it must unequivocally appear that the testator meant to limit the estate, it has been uniformly held that no merely precatory words will be sufficient": Good v. Fichthorn, 144 Pa. 287. Such are the words used by the testator in the clause immediately following the absolute gift to his wife. If, however, he meant them to be mandatory, imposing on her an obligation to carry out his expressed wish, his intention must be given effect and the contention of the appellant must prevail.

The rule laid down in Pennock's Est., 20 Pa. 268, and since uniformly followed, is: "Words, in a will expressive of desire, recommendation, and confidence are not words of technical, but of common parlance, and are not, prima facie, sufficient to convert a devise or bequest into a trust; and the old Roman and English rule on this subject is not part of the common law of Pennsylvania. Such words may amount to a declaration of trust, when it appears from other parts of the will that the testator intended not to commit the estate to the devisee or legatee, or the ultimate disposal of it to his kindness, justice, or discretion." While expressions of a desire or wish of a testator as to a specific disposition of his property, standing by themselves alone, may establish a valid bequest or devise, this is not the rule when such expressions are used after the testator has made an absolute disposition of his property. After an absolute bequest or devise has been made, no precatory words of the testator to his legatee or devisee can defeat the estate previously granted: Hopkins v. Glunt, 111 Pa. 287. In Burt v. Herron, 66 Pa. 400, we said, through Mr. Justice SHARSWOOD: "It is undoubtedly true that where a testator makes an absolute devise or bequest, mere precatory words of desire or recommendation annexed will not in general convert the devisee or legatee into a trustee, unless indeed it appear affirmatively that they were intended to be imperative. The authorities, which are somewhat discordant, were fully examined in Pennock's Est., 8 Harris 268, and the rule of construction settled

upon what seems to be the most reasonable foundation. But the industry and learning of the able counsel for the defendants in error have not succeeded in finding any case where words expressive of desire, request or recommendation as to the direct disposition of the estate have not been held to be sufficient. Should a testator say merely, 'I desire A. B. to have a thousand dollars,' it would be as effectual a legacy as if he was expressly to direct or will it, or were to add, 'out of my estate,' or that it should be paid by his executor. The reason is obvious. A will, in its very nature, is the disposition which the testator desires to have made of his estate after his death. All the expressions in it indicative of his wish or will are commands. It is different when, having made a dispotion, he expresses a desire that the legatee or devisee should make a certain use of his bounty. It would have been so had a legacy been left to Herron Brothers, with a desire expressed that they should pay their debts. It would not have constituted them trustees of the fund as to their creditors." In the present case the testator, after having made a disposition of his estate absolutely, merely expressed a desire that his residuary legatee should make a certain use of his bounty. He did not dispose of his estate in the first instance by expressing a wish or desire as to what should be done with it. If he had so disposed of it, the expression of his wish or desire would have to be regarded as an expression of his intention, to be carried out with the same effect as if his words had been mandatory. The estate was first given to the wife absolutely, and only after it was so given to her was there an expression of desire that she should do certain things with it. Having given his estate absolutely to her, his expressed desire no longer bound it as a mandatory direction to be carried out by her. His expressed desire reached only her, to be followed or not, as she might determine. As to this the learned judge below aptly said: "In plain unequivocal language he bequeathed the estate to his wife 'absolutely' and he does,

this, 'desiring,' not commanding or directing, that she apply a part of it to the advantage of the two children. This is not a case, of which there are many examples, in which a testator makes a primary disposition of property by using such words as desire or wish, so that they constitute his direction, acting immediately on the property. Here there is a giving to the defendant absolutely, followed by an expressed desire; which does not reach the property—he has disposed of it—but reaches her, and may or may not move her. Of that he took the chance, and was content to do so."

Nothing is to be found in any other portion of the will indicating any intention on the part of the testator to use the word "desire" in the sense of commanding or directing. On the contrary, when the residuary clause of the will is read in connection with the clause immediately preceding it, a fair inference is that he intended the word "desiring" to be the expression of a mere wish, imposing no obligation upon his wife. In the preceding clause he created a trust for his daughter, Jennie Rendall Dickey, in the following words: "I direct my hereinafter named Executors to pay over and deliver within two years after my decease, to my cousin, S. Ralston Dickey, the sum of Thirty Thousand ($30,000) Dollars, to be by him held in trust and invested and reinvested in first mortgages on productive Real Estate in the State of Pennsylvania and the interest used for the benefit, comfort and behoof of my beloved daughter, Jennie Rendall Dickey. There shall also be paid to said Trustee for the use of my beloved daughter, Jennie Rendall Dickey, the sum of One Hundred ($100) Dollars per month after my decease continuing until the said legacy of Thirty Thousand ($30,000) Dollars has been paid, and which shall be considered as additional to said legacy. At the decease of my said daughter, the Thirty Thousand Dollars shall pass to her issue then living, but if she shall leave no issue, said Thirty Thousand Dollars shall pass to the Oxford Presbyterian Church to be by

it used for the physical, mental and spiritual improvement of the young people of Oxford and vicinity. I desire that this fund shall be designated in some way to perpetuate the memory of my father, Rev. John Miller Dickey." If the testator had intended to create a trust in favor of his adopted children, he would naturally have said so in words that were as unequivocal as those which he used in creating the trust for his daughter.

But two of our own cases are cited in support of the contention that the estate given to the appellee by her husband was impressed with a trust. Neither is authority for such a construction of his will. In the first— Byers's Est., 186 Pa. 404,—the request of the testator was in the form of a positive direction. His words were: "I direct that my daughter Ida C., married to William H. Bushey, shall invest her share of my estate as a first judgment or mortgage, and to receive the annual interest of the same during her natural life, and at her death it shall return to such of her children as shall then be living, and to the issue then living of such of them as may then be dead, such issue taking, and, if more than one, among themselves dividing the share or shares which their parent or parents respectively would have taken if then living." In the other—Stinson's Est., 232 Pa. 218,—we followed the rule reannounced in the present case as to when precatory words are to be regarded as mandatory, and held that the words used by the testatrix were mandatory, because she meant and intended that one of the attesting witnesses to the execution of her will creating a charity should enter into the very structure of the official organization of that charity, thereby becoming directly interested in it. What was said in that case is authority for, and not against, the view of the learned court below as to the estate which passed to the appellee under the will of her husband.

Judgment affirmed.