## Fisher's Estate.

*Will—Construction—Trust and trustee—Expression of desire—
Precatory words—Legacy.*

Where a brother, by will, expresses his "will and desire that the
remainder of his estate shall be equally divided" between two of his
brothers "and that they be obliged to look after the welfare" of a
third brother, the will elsewhere indicating a mere desire to that
effect, the residuary estate is not impressed with a trust in favor
of the third brother. The legatees take it with nothing more than
the expression of a desire that they be obliged "to look after the
welfare" of the other brother.

Argued September 30, 1920. Appeal, No. 53, Oct. T.,
1920, by C. W. Fisher, legatee, from decree of O. C.
Westmoreland Co., Aug. T., 1918, No. 12, dismissing ex-
ceptions to decree of distribution in estate of H. E. Fish-
er, deceased. Before Brown, C. J., Stewart, Mosch-
zisker, Frazer, Walling, Simpson and Kephart, JJ.
Affirmed.

Exceptions to decree of distribution. Before Cope-
land, P. J.

Testator's will provided, inter alia, as follows:

"6. I desire that my brother, A. H. Fisher shall have
my interest in the farm which I jointly own with him,
also my interest in the butchering business and for this
he shall furnish a home for one brother, C. W. Fisher
and his wife as long as he may live even if he have to
build him a house.

"7. It is my will and desire that my life insurance be
paid to my brother, A. H. Fisher and he be held account-
able for the same by my executors who shall see to it
that it brings 6% interest, which shall be paid to our
brother C. W. Fisher, as regularly as possible as long
as he shall live, and after his death it shall go to A. H.
Fisher or his heirs. (Insurance policy is an Equitable
$5000 policy).

"8. It is my will and desire that the remainder of my estate shall be equally divided between my remaining full brothers L. B. Fisher and C. R. Fisher share and share alike and that they be obliged to look after the welfare of C. W. Fisher.

"9. It is my will and desire that should anything happen that any arrangement that I have made as to the proper (not extravagant) care of C: W. Fisher and his wife up until his death not carry up to his needs may be that all my brothers herein mentioned be ready to make up any deficiencies that may come and that he receives a decent burial."

The court decreed that there was no trust and dismissed exceptions. C. W. Fisher appealed.

*Error assigned* was decree, quoting it.

*A. H. Bell*, of *Bell & Bell*, with him *Charles K. Mc-Creary*, for appellant, cited: Pennock's Est., 20 Pa. 268; Dickinson's Est., 209 Pa. 59.

*Samuel M. Ankey* and *David L. Newill*, for appellees, were not heard.

Per Curiam, December 31, 1920:

The eighth clause of testator's will is: "It is my will and desire that the remainder of my estate shall be equally divided between my remaining full brothers L. B. Fisher and C. R. Fisher share and share alike and that they be obliged to look after the welfare of C. W. Fisher." In view of the last clause in this disposition of the residuary estate of his brother, C. W. Fisher presented his petition to the court below, the prayer of which was that the court "impound so much of the money, about to be distributed in this estate, in the hands of a trustee, as will be necessary when put at interest to create an income sufficient to maintain your petitioner and his wife during his life." The residuary bequest is not im-

pressed with a trust, and the legatees take it with nothing more than the expression of a desire that they be obliged "to look after the welfare of C. W. Fisher." This was the correct conclusion of the learned court below, and its decree is affirmed, at appellant's costs.