## Lindsay's Estate.

Argued April 11, 1933. Before Frazer, C. J., Simpson, Kephart, Schaffer, Drew and Linn, JJ.

*John Memolo,* with him *Thomas P. Hevers,* for appellant.

*N. H. Cowdrey,* of *O'Malley, Hill, Harris & Harris,* with him *John P. Kelly,* of *Kelly, Balentine, Fitzgerald & Kelly,* for appellee.

Opinion by Mr. Chief Justice Frazer, May 22, 1933:

Thomas M. Lindsay of Carbondale, Lackawanna County, Pennsylvania, died testate December 27, 1914, and by the provisions of his last will, dated January 13, 1910, devised his entire estate, both real and personal, to the Scranton Trust Company, now, by merger, the Scranton Lackawanna Trust Company, in trust to pay the income thereof to his daughter, Lida L. Kirk, under terms and conditions set forth more particularly in the instrument itself. The bulk of decedent's personal estate consisted of sixty shares of the capital stock of the Carbondale Miners and Mechanics Savings Bank, having a par value of fifty dollars a share. In relation to this

stock, the provisions of testator's will were as follows: "It is my wish that my said Trustee shall not sell my stock in the Carbondale Miners and Mechanics Savings Bank, but hold the same during the continuance of this trust, so that the same may go to my daughter, or her children; and I further direct that my said Trustee shall not sell my real estate during the said trust, unless there is good and substantial reason therefor. And further I direct that my Trustee shall not rent any of the said real estate to the said Frank B. Kirk, and that he shall not occupy the same."

The stock, inventoried at a value of $12,000, was sold by the trustee for $15,000 on March 8, 1918, upon the assurance of counsel for the estate that such a disposition of the property was within the discretion given to the trustee. Thereafter, the trustee filed a first partial account on October 18, 1928, setting forth the sale and the profit derived therefrom, to which account exceptions were filed by Lida L. Kirk, raising the question of the validity of the sale. After consideration, these exceptions were dismissed by the lower court; whereupon exceptant took the present appeal.

Appellant argues that the terms of the will prohibit sale of the stock and that the trustee should be surcharged the amount represented by the difference between the sale price and the subsequent highest value reached by the stock between the time of sale and the date of the hearing on the exceptions. Although immaterial to the question under discussion, the record discloses that the bank was taken in charge by the Commissioner of Banking of the Commonwealth of Pennsylvania on May 12, 1931.

The clause of the will relating to the stock is cast in precatory language, testator's words being "it is my wish," and the rule is clear that in such case the directions are not mandatory. This principle is well established and is supported by a long line of cases in this State, beginning with Pennock's Est., 20 Pa. 268, and

extending down to the present time. See Miller v. Stubbs, 244 Pa. 482; Fisher's Est., 268 Pa. 405, and cases there cited. "Words of recommendation and other words precatory in their nature in a will imply a discretion, as contradistinguished from peremptory orders, and therefore ought to be so construed, unless a different sense is irresistibly forced upon them by the context": Pratt v. Trustees of Sheppard and Enoch Pratt Hospital, 88 Md. 610.

This conclusion is borne out by an examination of the will itself, which discloses that testator intended the trustee to exercise its judgment and discretion so far as a sale of the stock was concerned. This is apparent from the fact that in other clauses of the will, where mandatory directions were given, testator used positive language. In a subsequent clause of the very paragraph under discussion, testator used the phrase "and further I direct." Hence, it is clear he knew and understood the difference in the phrases. A distinction in meaning may be said to arise in a will where precatory words are used in some clauses and not in others: Schouler on Wills, (6th ed.), page 986, section 866. We accordingly hold that, in effecting a sale of the stock at a substantial profit and under advice of counsel, the trustee acted within the discretion conferred by the will and cannot be surcharged.

The decree of the court below is affirmed at appellant's cost.