# Cross et al. *v.* Miller, Appellant.

*Will—Fee simple estate—Cutting down estate—Codicil—Words of inheritance.*

1. Words of inheritance in a will are not necessary to pass a fee.

2. Where words sufficient to vest an absolute interest are used in a will, such interest is not to be cut down by subsequent provisions unless the testator has indicated a clear intent to take away the estate previously given.

3. Where it is apparent that the dominant purpose of the testator is to devise a fee simple estate, and subsequent language indicates merely a secondary or subordinate intent to strip the estate thus given of one or more of its inherent attributes, the law will hold that this cannot be done. .

4. Where a testatrix has given by her will a fee simple estate to her four nieces, she cannot by a codicil control the descent from them of the real estate so devised.

Argued May 9, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 41, Jan. T., 1927, by defendant, from judgment of C. P. Cumberland Co., May T., 1926, No. 115, for plaintiffs on case stated, in suit of Margaret S. Cross and Martha C. Callahan v. J. E. Miller. Affirmed.

Case stated to determine title to real estate. Before DAVISON, P. J., specially presiding.
The opinion of the Supreme Court states the facts.
Judgment for plaintiff. Defendant appealed.

*Error assigned* was judgment, quoting record.

*Thomas E. Vale,* for appellant.—The codicil, because subsequent and clear, reduces the absolute estate otherwise taken.

Where two clauses of a will (or of a will and codicil) referring to the same subject-matter, are contradictory,

inconsistent and irreconcilable with one another or the main intent of the testator, the first must give way and the subsequent prevail: Sheet's Est., 52 Pa. 257.

An absolute devise or bequest given by a prior clause is reduced to a life estate by implication through a subsequent clause in the will: Feiser's Est., 1 Walker (Pa.) 256; Kauffelt's Est., 1 Walker (Pa.) 246; Pinkerton's Est., 193 Pa. 275.

Contingency on death of nieces was not intended to be limited to lifetime of testatrix: Field's Est., 266 Pa. 474; Daniel's Est., 27 Pa. Superior Ct. 358; Smith v. Piper, 231 Pa. 378; Stoner v. Wunderlich, 198 Pa. 158; McClintic v. McClintic, 259 Pa. 112; McCullough v. Fenton, 65 Pa. 418; Matlack v. Roberts, 54 Pa. 148; Vaughan v. Dickes, 20 Pa. 509.

*Walter K. Sharpe,* with him *John McD. Sharpe,* for appellee.—The codicil seems merely an ineffective attempt to control the course of descent of a gift which had been made in absolute terms: Edwards v. Bernard, 84 Pa. 184; Seitz v. Pier, 154 Pa. 467; Gillmer v. Daix, 141 Pa. 505; Lloyd v. Mitchell, 130 Pa. 205.

Many decisions of this court hold that an absolute estate given by a will cannot be cut down by precatory words which follow: McBride v. Mangan, 249 Pa. 515; Chew v. Chew, 266 Pa. 526; Pattin v. Scot, 270 Pa. 49; Robinson's Est., 282 Pa. 531; Conner's Est., 286 Pa. 382.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, June 25, 1927:

The parties to this action submitted their controversy to the court below in a case stated, which stipulated, if it should be determined that plaintiffs, with the joinder of their husbands, could convey a title in fee simple to an undivided one-sixth interest in · certain described lands, judgment in the amount of $4,500 should be entered against defendant, who had contracted to purchase plaintiffs' undivided fee in such property for that

amount, but refused to carry out his contract on the ground that plaintiffs could not convey a marketable title. Judgment was entered for plaintiffs and defendant has appealed.

The determination of the case depends on the construction of the will of Jennie W. Davidson, deceased, and a codicil thereto, under which plaintiffs obtained whatever title they have in the premises. The first clause of the will reads: "I desire that, after the following bequests and all debts be paid, my estate be equally divided among my four nieces." Then follow several bequests and a devise, none of which affects the present controversy, after which the will concludes with this sentence: "After all debts and bequests have been paid I bequeath to the following nieces the remainder of my estate to share and share alike, Mary G. Davidson, Eleanor D. Huston, Margaret I. Cross and Martha Crawford Greenawalt." On the same sheet of paper, and bearing the same date as the will, appears the following codicil: "Should Martha C. Greenawalt die unmarried or childless, then her sister Marg't. Cross is to become her heir and should Marg't. Cross die before her husband then her children are to become her heirs and their father William U. Cross their guardian. Should Eleanor D. Huston die before her husband her children are to become her heirs and their father Jas. A. Huston their guardian......"

The property in controversy is part of the residuary estate of Jennie W. Davidson, deceased; plaintiff Margaret S. Cross is the Margaret I. Cross named in the will and codicil, and the other plaintiff, Martha C. Callahan, is the Martha C. Greenawalt named therein. Both of these devisees are married and their respective husbands are living; Mrs. Callahan has one child, and Mrs. Cross, three. Although these minor children were not made parties in the court below, guardians ad litem have been appointed for them and have filed of record an agreement to be bound by our judgment on this appeal.

Defendant's contention is that, although the terms of the will, if standing alone, would undoubtedly give plaintiffs a fee simple interest, yet the codicil has to be read in connection therewith and it in effect cuts down that interest to a life estate. With this, however, we cannot agree. Where words sufficient to vest an absolute interest are used in a will, such interest is not to be cut down by subsequent provisions unless the testator has indicated a clear intent to take away the estate previously given: Long's Est., 270 Pa. 480, 485-6; Smith v. Bloomington Coal Co., 282 Pa. 248, 251; Robinson's Est., 282 Pa. 531, 534; Conner's Est., 286 Pa. 382, 387.

A reading of the will and codicil, both dated February 10, 1919, and written by testator's own hand, shows that the dominant purpose of testatrix was to give to her four nieces fee simple estates. Since the Act of April 8, 1833, section 9, P. L. 250 (now Act of June 7, 1917, section 12, P. L. 407), words of inheritance in a will are not necessary to pass a fee. With the established statutory rule now nearly a hundred years old, the omission of words of inheritance in the devise to plaintiffs cannot be construed as indicating a lack of intent to give an absolute estate, particularly as the gift to their co-devisee Mary G. Davidson, who undoubtedly takes a fee, is in the same words as the gift to plaintiffs; and there is no language in the codicil which, under our law, can diminish the fee simple estates previously given. The codicil shows merely a desire to leave the dispositions of the will as written but to control the descent from three of the four devisees of all property left to them. Each provision of the codicil which applies to the two plaintiffs designates who shall be the "heir" or "heirs" of the respective beneficiaries if they die under certain conditions. In other words, testatrix, without any idea of disturbing the gifts as made in the will, sought to direct or control the inheritance or descent of the title she was giving in fee; this the law does not permit. In Pattin v. Scott, 270 Pa. 49, 51, we said: "Where it is

apparent......that the dominant purpose of the testator is to devise a fee simple estate, and......subsequent language indicates merely a subordinate intent to strip the estate thus given of one or more of its inherent attributes, the law will hold that this cannot be done; and the fee simple estate passes to the devisee with all of its inherent qualities." In Smith v. Bloomington Coal Co., 282 Pa. 248, 252, stating the above rule, we said: "It becomes quite plain......that [testator's] effort to control the devisee's testamentary disposition of the estates in fee previously given her, represents a subordinate intent, which, under well established law, must fall." We then added, as applicable, the following from Good v. Fichthorn, 144 Pa. 287, 292, "[Testator's language was] so used [by him] as to indicate only an intent, not to reduce the estate previously given, but to control one of its incidents, [and] where that is the intent, no words, however strong, amount to more than a request which cannot be enforced by law."

In the present instance, testatrix's secondary purpose was to strip the estates in fee simple, already given, of one of their inherent attributes,—that of passing to whomsoever the owner might designate, or, in the absence of such designation, as directed by the laws of intestacy; this, the testatrix could not do, and her attempt in that direction fails. Therefore, the absolute estates given to plaintiffs by the will, stand unhampered by any provision of the codicil, and plaintiffs can convey a fee.

The judgment is affirmed.