## Tarter's Estate.

*Wills—Construction—Devise—Fee simple or life estate.*

1. A devise will be construed to pass a fee simple title unless it appears, by a devise over, or by words of limitation or otherwise in the will, that testator intended to give a less estate.

2. This rule applies even though, in a later part of the same sentence, a life estate in another property is devised to the same person.

*Wills—Construction—Punctuation—Precedents.*

3. The absence of punctuation in a will, especially where none whatever is used, plays but little part in determining testator's intention.

4. Precedents are of little value in the construction of wills; under dissimilar circumstances and with different contexts, the same words may express various intentions, and hence be construed differently.

*Wills—Construction—Cutting down absolute estate—Fee simple.*

5. Where words sufficient to vest an absolute estate are used in a will, such interest will not be cut down by a subsequent provi-

sion which does not indicate a clear intent to take away the estate previously given.

6. This rule is peculiarly applicable to a devise to the widow of a testator, since it accords with the principle which resolves doubts in favor of a widow who accepts the provisions of a will in lieu of her rights under the intestate laws.

Argued December 1, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 235, Jan. T., 1927, by Mary R. Tarter, widow, from decree of O. C. Phila. Co., July T., 1924, No. 2619, dismissing exceptions to decree, in estate of George F. Tarter, deceased. Affirmed.

Petition by Mary R. Tarter, widow of Geo. F. Tarter, deceased, for partition of land formerly of Franklin Tarter, deceased. Before VAN DUSEN, J.

Exception to decree dismissing claim.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Mary R. Tarter, widow of Geo. F. Tarter, deceased, appealed.

*Error assigned,* inter alia, was decree dismissing exceptions to decree, quoting record.

*Raymond S. Shortlidge,* with him *William E. Shappell* and *Henry S. Borneman,* for appellant, cited: Howell v. Com., 97 Pa. 332; Com. v. Keenan, 67 Pa. 203; Sheet's Est., 52 Pa. 257; Second Street Boulevard, 230 Pa. 491; Elliott v. Coal & Coke Co., 230 Pa. 423; Shower's Est., 211 Pa. 297.

*Philip Wallis,* with him *Edwin S. Dixon, Jr.* and *Dickson, Beitler & McCouch,* for appellee, cited: Cross v. Miller, 290 Pa. 213; Long's Est., 270 Pa. 480; Robinson's Est., 282 Pa. 531; Smith v. Coal Co., 282 Pa. 248; Elliott v. Coal & Coke Co., 230 Pa. 423; Sheet's Est., 52 Pa. 257; Pattin v. Scott, 270 Pa. 49; Finney's App., 113 Pa. 11.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1928:

The single question involved in this appeal is: Does the will of Franklin Tarter give to his widow a fee simple title to the residence property, as the court below held, or only a life estate therein, as appellant claims?

After directing the payment of his just debts and funeral expenses, and giving to his widow a life estate in the household goods and in all his money uninvested at the time of his death, the will disposes of the realty under consideration as follows: "I Also give and bequeath to my wife Amanda the house and lot of ground I now reside on the lot being the same debth as the adjoining lot of C. Harmen." As, under section 9 of the Act of April 8, 1833, P. L. 249, 250 (which was in force when testator died), a gift in fee simple will be construed to have been intended "unless it appear by a devise over or by words of limitation or otherwise, in the will, that the testator intended to devise a less estate," it is clear that the foregoing clause of the will, standing alone, would give the widow an absolute estate.

Appellant alleges, however, that certain other provisions show there was a devise over, after the death of the widow, the principal one being the next succeeding clause, which is as follows: "Also the property knowen as the hall and adjoined lot of ground at manatona near the township line all Taxes to be paid and to be kept in good repair by my said Wife during the time she remains my Widow and at her death to gow to my son George F. Tarter under the same provisions hereafter mentioned." Appellant contends that the limitation of a life estate to the widow, appearing in this clause, should be applied also to the preceding gift of the residence property, because there is no punctuation mark between the two clauses and they are connected by the word "Also."

On the question of punctuation, but little need be said. In Weidman v. Maish, 16 Pa. 504, 511, there were two gifts in a single sentence, connected by the words "and

further," and we said "the testator has thought proper to make separate gifts of them; and we are not at liberty to break through his arrangement in order to give effect to a conjecture. That the two are comprised in one sentence is of no account. The punctuation is the work of the scrivener; the distribution of the sense according to the context is the business of the court." What is there said is peculiarly applicable here, since there is not a punctuation mark of any kind in this will, which covers two and a half pages of printed matter in the record.

Nor is the use of the "also" of any significance. The same word is used between the clause devising the residence property and the immediately preceding gift to the widow of the interest on the mortgages, in which testator's uninvested funds are directed to be invested. It could hardly be said, because of this prior clause and the use of the word "also" in connecting the two, that the widow was to receive only the income of the residence property. Yet this contention would be as tenable as the one actually made. True, there have been cases in which the word "also" has been construed in somewhat the same way as contended for here, but, "as we have said many times before, precedents are of little value in the construction of wills, because, when used under dissimilar circumstances and with different contexts, the same words may express various intentions. When the actual intention in any instance can be gathered from the words of a will, the fact that another testator may have employed practically the same words with a different meaning is of no avail": Reiff v. Pepo, 290 Pa. 508, 516. Moreover, if, as contended by appellant, the word "also" should be construed to mean "further," this would not help her, for in Weidman v. Maish, supra, the word "further" was itself used, and yet we held each provision in that will should be construed independently of the other.

Nor is appellant aided by the later provision, as follows: "It is further my Will the real estate shall remain as it is unsold during the lifetime of my wife and also the lifetime of my son George F. Tarter and all / to be Kept in good order as before mentioned." This bears internal evidence of its relation to the already quoted devise of the Manatona property, but, whatever else may be thought of it, it does not link up the limitation expressed therein with the prior absolute gift of the residence.

We have given the utmost possible weight to the earnest argument of appellant's counsel, with the result that at no time has it raised more than a doubt; but, as pointed out in Cross v. Miller, 290 Pa. 213, 216: "Where words sufficient to vest an absolute interest are used in a will, such interest is not to be cut down by subsequent provisions unless the testator has indicated a clear intent to take away the estate previously given"; or, as it is stated in Reiff v. Pepo, 290 Pa. 508, 512, if the prior words "give an absolute estate, then subsequent words expressing a secondary and particular intent cannot restrict the gift, or strip the fee of its ordinary attributes." This conclusion, applicable as it is to all cases, is peculiarly so here, since it accords "with the principle which resolves doubts in favor of a widow accepting the provisions of a will in lieu of her rights under the intestate laws": McCallum's Est., 211 Pa. 205, 208, per PENROSE, J., approved by this court. See also Reed v. Reed, 9 Watts 263, 266; Finney's App., 113 Pa. 11, 17; Hummel's Est., 161 Pa. 215, 218.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.