# Kidd's Estate.

*Wills—Construction—Fee simple or life estate—Gift to wife—Power of appointment—Act of June 7, 1917, P. L. 403—Precatory words—Power to consume—Dominant purpose—Cutting down fee.*

1. Where a testator devises and bequeaths his real and personal estate to his wife "to hold and enjoy as she thinks best as long as she remains my widow, and to dispose of it at her death among the children as she thinks best," the wife takes a fee simple estate defeasible upon her remarriage.

2. The words "and to dispose of it at her death among the children as she thinks best" are precatory only and do not create a power of appointment, so as to cut down the fee.

3. Under the Act of June 7, 1917, P. L. 403, an estate in fee may be created by will without words of inheritance.

4. Where there is an implied power to consume, there follows the right to dispose of the property.

5. Where the dominant purpose shown by a devise is to vest in fee, the estate cannot be stripped of its inherent attributes by subsequent words indicating an intent to do so.

Argued March 14, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 63, March T., 1928, by Margaret Roberts and Mary Kropp, children of testator, from decree of O. C. Allegheny Co., May T., 1927, No. 374, for declaratory judgment, in estate of Andrew Kidd, deceased. Affirmed.

Petition for declaratory judgment. Before MILLER, P. J., TRIMBLE and MITCHELL, JJ.

The opinion of the Supreme Court states the case.

Decree for petitioner, in opinions by MILLER, P. J., and TRIMBLE, J. Margaret Roberts and Mary Kropp, children of testator, appealed.

*Error assigned* was decree, quoting record.

*Charles G. Notari,* with him *Rody P. Marshall* and *L. J. Ritter,* for appellants.—The widow received at most a life estate determinable at remarriage or death, and it is submitted that the words "to hold and enjoy as she thinks best as long as she. remains my widow" impart to the widow no greater estate than a life estate determinable either at her death or remarriage: Cooper v. Pogue, 92 Pa. 254; Redding v. Rice, 171 Pa. 301; Long v. Paul, 127 Pa. 456; Patton v. Church, 168 Pa. 321; Long v. Hill, 29 Pa. Superior Ct. 606; Koble v. Bennett, 40 Pa. Superior Ct. 79; Houser v. Houser, 268 Pa. 401.

The words "to dispose of at her death among the children," immediately following apt words to create an estate during widowhood, raise a power of appoint-

ment limited to the children of the testator as a class: Forsythe v. Forsythe, 108 Pa. 129; Dillon v. Faloon, 158 Pa. 468; Russell v. Kennedy, 66 Pa. 248; Boyd v. Bigham, 4 Pa. 102; Darling v. Edson, 4 Pa. Superior Ct. 498.

*J. Frank Peffer,* for appellee.—Andrew Kidd devised an absolute fee simple estate of all his real, personal and mixed property to his wife, Isabelle B., defeasible by her remarrying: Scott v. Murray, 218 Pa. 186; Redding v. Rice, 171 Pa. 301.

There are no words of limitation or otherwise in the Kidd will tending to show that testator intended to devise a less estate than a fee. In order to create a proper devise over or a limitation for the purpose of cutting down a fee, the language employed in that regard must be as plain and as explicit as the language employed to create a fee: Pattin v. Scott, 270 Pa. 49; Robinson's Est., 282 Pa. 531; Good v. Fichthorn, 144 Pa. 287; Huber v. Hamilton, 211 Pa. 289.

Mere precatory words, or words of command, or words of explanation, are not prima facie sufficient to reduce a fee to a life estate: Boyle v. Boyle, 152 Pa. 108; Miller v. Stubbs, 244 Pa. 482.

OPINION BY MR. JUSTICE SADLER, April 9, 1928:

This is a proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, wherein the executor of the will of Andrew Kidd, as also executor of Isabella, his wife, seeks to have determined what interests, if any, their two surviving daughters took in the real estate of which the former died seized. The petitioner claims that, as executor of Mrs. Kidd, he may convey the property in question, as the testatrix acquired a fee simple estate under the terms of the husband's will, and that, under the powers conferred by her last testament, he is authorized to make sale of the same. The two children, respondents, deny the

existence of any such right, insisting that their mother's interest was one for life only. The orphans' court sustained the contention of the petitioner, and from the decree entered this appeal was taken.

The controversy resolves itself into one of the proper construction of the will of Andrew Kidd. If he thereby devised to his wife a fee simple estate, her executor is expressly granted the authority to sell, now sought to be exercised. By the second paragraph he directed: "I devise and bequeath to my beloved wife all my real estate and personal property remaining after my just debts are fully satisfied to hold and enjoy as she thinks best as long as she remains my widow, and to dispose of at her death among the children, as she thinks best except as follows." In subsequent paragraphs he gave certain legacies to grandchildren, and these were held by Judge TRIMBLE, in a concurring opinion below, to be charges on the absolute estate granted Mrs. Kidd. Counsel for the appellee agreed at the argument this was the proper construction, if a fee was given, and it will be so regarded by us in disposing of the question involved.

A reading of the will leads to the conclusion that Mrs. Kidd became seized of a fee simple estate. It is true that no words of inheritance were used, but this was not necessary under the Act of April 18, 1833, section 9, P. L. 250, now supplied by the Act of June 7, 1917, section 12, P. L. 403, which provides that "all devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by a devise over, or by words of limitation or otherwise in the will, that the testator intended to devise a less estate." The omission of such words cannot be construed as indicating a lack of intent to give an absolute interest: Cross v. Miller, 290 Pa. 213. The devisee was here given the right "to hold and enjoy," which is equivalent to the permission to use and con-

sume; and the words employed have the same significance as similar expressions, such as "to hold" (Cooke v. Doron, 215 Pa. 393, 398), "to have and to hold" (Hege v. Ickes, 267 Pa. 57), "for the use and benefit" (Koble v. Bennett, 40 Pa. Superior Ct. 79), or "for the use and behoof": Redding v. Rice, 171 Pa. 301. Where there is an implied power to consume, as given here, there follows the right to dispose of the property, in the absence of subsequent qualifying phrases, and the fee passes: Kennedy v. P. & L. E. R. R. Co., 216 Pa. 575; Edwards v. Newland, 271 Pa. 1; Houser v. Houser, 268 Pa. 401.

The devisee in this case was not only given the right to "hold and enjoy," but testator directed that she should have the right to do so "as she thinks best." The grant of such discretionary power clearly indicates an intention to permit the wife to dispose of the property and consume, unless some limiting clause be found: Eichman v. Wall, 273 Pa. 236. It is further to be noticed that, subject to certain qualifications which will be later referred to, all of the estate was given to the wife for her use and enjoyment "except" as to certain legacies which were made charges thereon, indicating that the testator had in mind that, by the words preceding, he had made an actual bestowal of his property: Brown's Est., 289 Pa. 101.

Appellants argue that, though the words so far referred to would give a fee simple estate if nothing else appeared, yet other phrases used in connection therewith disclose an intention to devise a less estate to the wife. The guiding rule to be applied in passing upon this contention was thus stated in Deeter's Est., 280 Pa. 135: "Where the dominant purpose shown by a devise is to vest a fee, this estate cannot be stripped of its inherent attributes by subsequent words indicating an intent to do so." If the language employed is sufficient to vest an absolute interest, the testator must reveal a fairly clear purpose to take away the estate previously

given before a divestiture can be upheld: Long's Est., 270 Pa. 480; Smith v. Bloomington Coal Co., 282 Pa. 248. Applying this principle, a fee first given was held not to be cut down by a limitation of the right to sell during a specified period (Pattin v. Scott, 270 Pa. 49), or by clauses intended to limit the course of descent: Cross v. Miller, supra; Smith v. Bloomington Coal Co., supra; Robinson's Est., 282 Pa. 531.

It is first urged that the limitation of the right to hold and enjoy "as long as she remains my widow" is indicative of an intention not to pass a fee. A similar suggestion has frequently been the subject of consideration by this court, and it has uniformly held that such words do not cut down the absolute estate granted, though the same is defeasible in case of remarriage, becoming absolute in case of death without the happening of this condition: Redding v. Rice, supra; Scott v. Murray, 218 Pa. 186; Huber v. Hamilton, 211 Pa. 289. Of course, additional language may appear, which, taken with the words already referred to, discloses an intent to grant only a life estate (Schaper v. Pittsburgh Coal Co., 266 Pa. 154), but no such expressions are found here.

Again, it is said the addition in the devise to the wife of the phrase "to dispose of at her death among my children," shows an intent to give less than a fee. It will be noticed that there is no grant of the remainder over to be found in the will, but only the request that what is left of the estate when she dies,—for by apt words she had previously been given the right to consume,—be given to the children. What was said in Good v. Fichthorn, 144 Pa. 287, 293, where the testator "enjoined and directed" the devisee to make certain disposition of his property, applies here: "The testator gave an absolute fee, with express powers to consume or convey. [In the case before us the words used were the equivalent.] He did not devise the unconsumed residue himself, but desired his wife to do so. He put

his request in strong words, ordinarily importing command, but so used as to indicate only an intent, not to reduce the estate previously given, but to control one of its incidents. Where that is the intent, no words, however strong, amount to more than a request which cannot be enforced by law."

The husband expressed a desire that his wife give the part remaining to the children "as she thinks best." These words must be considered as precatory only, and do not establish an intention to reduce the fee previously given. Such was the conclusion reached where similar language was considered in Boyle v. Boyle, 152 Pa. 108, an authority controlling the present situation. Mere indication of wish as to the ultimate disposition, and request that it be so made, will not cut down the estate already devised: Miller v. Stubbs, 244 Pa. 482; Smith v. Bloomington Coal Co., supra; Miller v. Cross, supra. If there had been an express direction that all of the unconsumed property remaining at the death of the one named should pass to others, then the rule of Stanton v. Guest, 285 Pa. 460, and earlier authorities holding likewise, and cited by appellants, would apply, but they cannot control in construing a devise couched in the language found in paragraph two of testator's will.

After careful consideration, we are led to the conclusion that Mrs. Kidd became possessed of a fee simple estate by her husband's will, charged with the legacies provided for the grandchildren. The interest acquired passed by her will, by the terms of which the executor was given the power to sell, as now proposed, and he is in position to convey without the joinder or consent of the two surviving children, who are appellants here.

The decree of the court below, and the declaratory judgment entered, are affirmed at the cost of appellants.