Graham, Appellant, *v.* Gamber et al.

188

Argued December 13, 1928.

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Stanley B. Rice,* and with him *John F. Basford,* for appellant.—Where the whole intention of the testator is expressed in a single sentence the rule that a devise in fee cannot be cut down by subsequent sentences or paragraphs does not apply: Conner's Estate, 286 Pa. 382; France's Estate, 75 Pa. 220; Dorris Estate, 63 Pa. Superior Ct. 345; McCullough's Estate, 272 Pa. 509; Shaner v. Wilson, 207 Pa. 550.

*George V. Strong,* of *Smith and Strong,* and with him *Lewis Lawrence Smith,* for appellee.—A fee simple estate will not be cut down unless subsequent passages of the will unequivocally show the testator's intention that the devisee shall take a less estate: Kidd's Estate, 293 Pa. 21; Cross v. Miller, 290 Pa. 213; Buechley's Estate, 283 Pa. 107; Silkknitters Appeal, 45 Pa. 368; Devine's Estate, 199 Pa. 250; Williams v. Leech, 28 Pa. 89; Sheetz's Appeal, 82 Pa. 213; Snyder v. Baer, 144 Pa. 278; Scott v. Murray, 218 Pa. 186; Little's Estate, 91 Pa. Superior Ct. 245,

OPINION BY TREXLER, J., January 25, 1929:

William B. Van Leer executed a testamentary paper, dated December 4, 1916, addressed to Mrs. Leah A. Gamber and containing the following words: **"This is to certify that I, William B. Van Leer do give to my sister Leah A. Gamber the following properties: The house 423 North 53rd St. and also the House No. 645 North 56th St. to collect the rents from them as long as she shall live. They are clear of encumbrances."** Under this will, Mrs. Gamber took possession of the properties and continued there until her death. She left a will wherein she devised her estate to the defendants who are now in possession. The plaintiff, an heir-at-law of William B. Van Leer, has brought ejectment against them, alleging that Mrs. Gamber took only life estate and that after her death, title passed to the heirs-at-law of William B. Van Leer under the intestate laws.

The 12th section of the Act of the 7th day of June, 1917, P. L. 403, (Sec. 9, Act of April 8, 1833, P. L. 249) provides "All devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by a devise over, or by words of limitation or otherwise in the will, that the testator intended to devise a less estate."

Referring to the above will, we notice that there was a devise in fee of the property. Did the added words "collect the rents from them as long as she shall live" reduce the devise to a life estate? The lower court decided that the devisee took a fee. The appellant, admitting that standing alone the first part of the sentence would convey the fee, argues that the rule against cutting down the fee by subsequent words applies to later independent paragraphs and sentences. that the interest the beneficiary was to take was expressed in one sentence and that the thought of the

maker of the will should be gathered from the whole sentence and not a detached portion and that taking the whole sentence, the evident intention of the testator was to give the rents of the properties to Mrs. Gamber "as long as she shall live" and nothing more.

We know of no different rule in construing a compact sentence than separate sentences. In Weidman v. Maish, 16 Pa. 504, 511, there were two gifts in a single sentence connected by the words, "and further," the court said "the testator has thought proper to make separate gifts of them." "That the two are comprised in one sentence, is of no account." See also Tarter's Estate, 291 Pa. 458.

Taking the whole sentence, we observe that there is no devise over. This lends support to the view that a fee was intended for "to affect this intention to make a complete disposition of all the property a construction should be adopted that avoids intestacy," Buechley's Estate, 283 Pa. 107. The properties are given to Mrs. Gamber in words purporting a fee. Do the subsequent words plainly indicate a contrary intent, for such purpose must not be left to conjecture, but must be clear and explicit. Cross v. Miller, 290 Pa. 213. We do not think that the dominant intent of the testator was to give less than a fee. The added words concerning the rents was merely expressing an incident of ownership. If we are permitted to guess at the testator's object, the words were perhaps an expression of a desire on the part of the testator that the devisee should not sell the properties, but should rely upon the rents as a means of support. This construction is entirely consistent with the preceding clause. The lower court's surmise was "Perhaps, as indicated in Snyder v. Baer, 144 Pa. at page 286, the testator may have thought that someone, as an executor or administrator, might interfere with the devisee."

It is not important to speculate as to the reason that led the writer of the will to refer to the rents except that the fact that it is a matter of speculation is good evidence that the idea, if such there was, to reduce the fee to a life estate, is not clearly expressed. We agree with the lower court that the will passed a fee to Mrs. Gamber.

The judgment is affirmed.