Billmyer et al. v. Billmyer, Appellant.

32

Argued January 28, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Joseph R. Dickinson,* for appellant, cited: Forsythe v. Forsythe, 108 Pa. 129; Stanton v. Guest, 285 Pa. 460.

*E. H. Deysher,* with him *Earle I. Koch,* for appellees, cited: Fairman's Est., 287 Pa. 334; Long's Est., 270 Pa. 480; Fidelity T. & T. Co. v. Nibozin, 88 Pa. Superior Ct. 113; Stanton v. Guest, 285 Pa. 460.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 18, 1929:

This appeal involves the construction of the will of John Billmyer, who died August 21, 1895. The court below at first concluded that Hannah Billmyer, decedent's widow, who departed this life May 31, 1925, died so seized of the property left by her late husband that she possessed the power to devise it in fee, and that she had so willed the premises in controversy to her son Louis Billmyer, defendant in the present action of partition. The jury gave an instructed verdict for defendant; plaintiffs, three other children of decedents, asked for judgment n. o. v., which was entered, and this appeal followed.

At the end of its opinion entering judgment for plaintiffs, the court below said: "Our conclusion is that John Billmyer gave his wife Hannah......a life estate [only], with power of consumption, and 'with full power and authority......to sell and [thus consume] the whole of......[his] estate'; that he gave her no power of appointment by will; and that the remainder, if any, at her death went to the four children named, in equal shares." With this conclusion we cannot agree.

The first dispositive item of John Billmyer's will is as follows: "I give, devise and bequeath unto my beloved wife Hannah Billmyer her heirs and assigns forever, all my property, real, personal and mixed of what nature or kind soever, and wheresoever the same shall be at the time of my death." This, beyond peradventure, gives a fee simple absolute estate to Hannah Billmyer.

The next, and separate, item of the will reads thus: "Second—And after the death of my wife Hannah my estate shall be equally divided in four equal shares, namely to the following children, Lewis, John, Mary and Joseph Billmyer, provided anything is left at the death of my wife, but she shall have full power and authority and power to sell and dispose of the whole of my estate."

In Cross v. Miller, 290 Pa. 213, 216, 217, we ruled that, "where words sufficient to vest an absolute interest are used in a will, such interest is not to be cut down by subsequent provisions unless the testator has indicated a clear intent to take away the estate previously given," and where "the language indicates merely a secondary intent to strip the estate thus given of......its inherent attributes, the law will hold that this cannot be done." See also Tarter's Est., 291 Pa. 458, 462. As indicating that words bestowing upon a devisee power to dispose of property previously given in fee cannot be held to restrict the absolute estate, see Kidd's Est., 293 Pa. 21, 26, 27.

Here the testator has, in plain and unambiguous language, conferred a fee upon Hannah Billmyer, then, in

a separate paragraph following this absolute gift, he states that, "provided anything is left" at the death of his wife, it shall go to their four children; immediately after this he adds, "but she shall have full power and authority and power to sell and dispose of my estate." In our opinion, this second paragraph of decedent's will either states a subordinate intent to control a previously given absolute estate,—which was beyond his legal power,—or it shows a mere intent to state how the property shall descend in case his wife should die without a will, at the same time recognizing her full power and authority to sell the property in her lifetime or dispose of it at her death, as she might see fit. Since neither of these conclusions sustains the judgment entered by the court below, the award of a writ of partition must be set aside.

The judgment appealed from is reversed, and judgment is here entered for defendant.