Fritz *v.* Gehris, Appellant.

454

Argued March 13, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALD-RIGE and GRAFF, JJ.

*Randolph Stauffer,* for appellant.

*E. H. Deysher,* for appellee.

PER CURIAM, April 18, 1930:

"The question involved is whether the will of Martin H. Fritz vested in the plaintiff such title in his real estate as would enable her to convey a fee-simple estate by deed."

The will provides as follows:

"1. I will and bequeath my entire estate, both personal and real estate, to my dear wife, Ada G. Fritz, absolutely.

"2. I want my wife Ada to reimburse faithful employees according to their faithfulness and her ability so to do.

"3. I want my wife Ada to set aside at least one thousand dollars ($1,000) to be put in trust for a flower fund.

"4. After her death the estate is to be divided equally among the following institutions:

"Lutheran Orphans' Home, Topton; Bethany Orphans' Home, Womelsdorf; Home for Friendless Children, Reading; Home for Crippled Children, Allentown, and such other homes as my wife Ada may see fit to include, or above mentioned exclude.

"5. Should my wife Ada predecease me or become deceased before any of my wishes can be fulfilled, then my estate shall be divided as follows: (6 persons named).

"6. I appoint my wife Ada as executor and should she predecease or follow so close as not to be able to carry out my wishes, then George L. Stephens and John Moll shall act as executors.''

The rule of law applicable to the present situation is stated in Good v. Fichthorn, 144 Pa. 287; quoting from Sheets' Est., 52 Pa. 257, "If a testator give an estate of inheritance, ...... and in subsequent passages unequivocally shows that he means the devisee to take a lesser interest only, the prior gift is restricted accordingly.'' As it must unequivocally appear that the testator meant to limit the estate, it has been uniformly held that no merely precatory words will be sufficient.''

The absolute estate given will not be restricted by words importing merely an intent or desire of the testator to withhold legal incidents of the estate already given. This rule has been followed in many other cases, among the latest being, Kidd's Est., 293 Pa. 21; Billmyer v. Billmyer, 296 Pa. 31; Graham v. Gamber, 95 Pa. Superior Ct. 187.

The first words used by the testator give his wife all the real and personal property, absolutely. In the second and third clauses, the testator "wants'' his

456

wife to do certain things. The words employed are precatory. The fourth clause, the one which the appellant emphasizes, does not create a life estate by apt words. After the wife's death, the estate is to be divided and we are asked to draw the inference from this that only a life estate in the wife had been contemplated. This conclusion is negatived by the power given to the wife to control the disposition of the division by adding any "homes" as she may desire or excluding any, and at best, taken in its entirety, the clause merely manifests a desire that his wife shall dispose of her estate by will in the manner he has loosely designated. This does not affect the quality of the estate passed to the wife in the first incident, and the clause was merely advisory. As the lower court states, "Testator's subordinate intent was to advise and counsel in the use of some of the powers incident to the dominent intent and such subordinate intent has never been held to reduce an absolute estate."

The judgment is affirmed.