## Monteith's Estate

[redacted]

Before Lamorelle, P.J., Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ. The facts appear from the adjudication of

SINKLER, J., Auditing Judge.—William C. Monteith died February 18, 1922, unmarried and without issue, leaving a will duly probated, which is as follows:

> "Philadelphia Oct-1st 1915
> "This is my last will that I W.C.
> Monteith of 5116 Hazel Ave. West Philadelphia
> I leave all I have to my two sisters
> after all my expenses are paid
> Jennie and Annie if they survive
> me and they are to be my exetrix while
> they live in hope that they shall
> keep my estate seperate from their
> own and use it if they should need
> it and what is left of my estate after
> their death to be given 2/3 (two thirds)
> to the Episcopal hospital and 1/3
> (one third) to the home of Our Merciful
> Saviour for cripple children at 48th
> Street and Baltimore Ave.
> com
> The Fidelity Trust to take charge of my
> estate after the death of my two sisters
> and turn it over to the two institutues
> named above. Within one year after
> two
> my sisters death
>
> "William C. Monteith
> Peter K. Getz Witness
> Theodore Schaal Witness"

The will is holographic. The foregoing is an exact copy, including the words that are misspelled, interlineations and lack of punctuation.

One of the testator's sisters, Annie Monteith, died April 4, 1926; the other, Jennie Monteith, died March 29, 1932.

The question presented to the auditing judge for determination is whether the corpus of the estate should now be paid over to the charitable institutions named in the testator's will, or whether the testator gave to his two sisters

absolute interests in his estate with the result that the corpus should now be paid over to their executors to be distributed in accordance with the terms of their respective wills.

The brief filed by Mr. Russell on behalf of the Fidelity-Philadelphia Trust Company et al., executors of the will of Jennie Monteith, deceased, and of the same company et al., surviving executors and trustees of the will of Annie Monteith, deceased, presents with much ability the argument that the will vests in the two sisters of the testator an absolute estate. He contends that the effect of the subsequent words is an injunction to the sisters, using the word "hope", and that this word qualifies the bequest of one third of what is left to the Home of the Merciful Saviour for Crippled Children and two thirds to the Episcopal Hospital. He cites in support of his contention Fritz v. Gehris, 98 Pa. Superior Ct. 453; Billmyer et al. v. Billmyer, 296 Pa. 31; Smith v. Bloomington Coal Co., 282 Pa. 248; Robinson's Estate, 282 Pa. 531; Cross et al. v. Miller, 290 Pa. 213; Reynolds et al. v. Reynolds, 62 Pitts.L.J. 502; and Hull, Executor, v. Manning et al., 3 Wash. Co. Rep. 130.

Townsend, Elliott & Munson, attorneys for the Hospital of the Protestant Episcopal Church in Philadelphia, cite numerous cases to the effect that the two sisters of the testator received under his will life estates with a power to consume, and that the remainder "what is left of my estate after their death" is distributable under the terms of the testator's will.

Where a testator in the first instance uses language suitable for the grant of a fee simple estate, but, by subsequent words, immediately following the devise, indicates a dominant intention to give only a less estate, the latter purpose will be upheld: Fairman's Estate, 287 Pa. 334.

A testator devised all his property, real, personal and mixed, to his wife, "to her and her heirs and assigns forever and after her death, whatever property there may be left shall be equally divided among my children share and share alike." He also gave her power to make good and sufficient deeds in the event of a sale. The wife died intestate and it was claimed that a child by a second marriage could participate in the estate of her first husband. It was held by the Superior Court, reversing the lower court, that the devisee took an estate for life with power to consume, and not an estate in fee: Fidelity Title & Trust Co. v. Nibozin et al., 88 Pa. Superior Ct. 113.

A leading case that has been repeatedly cited and followed is Fassitt v. Seip, 240 Pa. 406. In that case testator by will provided: "All the residue and remainder of My Estate, Real, personal and mixed . . . Not Otherwise herein, or hereby disposed of, I give, devise, and bequeath Unto my said wife . . . to have Use, and enjoy the Same, in like manner as I myself Could do if living." In the next clause testator provided: "Whatever of my Said estate, that may remain Unexpended after the decease of my Said wife, I direct to be divided into two equal parts or shares." One share he gave to his son during his lifetime and after his death to his children, and the other share to his daughter. Held, under the Act of April 8, 1833, P.L. 249, that the gift to the wife was a life estate only with power of consumption, and that she could not by will dispose of any estate derived under her husband's will remaining at her death.

In both of these cases there was an absolute gift with no explicit words respecting a power to consume the principal, but it was held that the use of the words "what is left" or "such part of the estate as may remain unexpended," indicated that the testator intended a life estate with power to consume in the first taker and not an absolute estate or fee.

The intention of the testator in the present case is more clearly expressed than in the two cases last cited. He expresses the hope that they, the sisters,

shall keep his estate separate from their own and use it if they should need it, and that is as far as the precatory words or injunction can be construed to extend. He makes an absolute disposition of what is left of his estate, two thirds to the Episcopal Hospital and one third to the Home of the Merciful Saviour.

I, therefore, hold that the estates given to the testator's two sisters, Jennie and Annie Monteith, are life estates with power to consume, and what remains, the balance now before me for distribution, be awarded under his will as just recited.

Mr. Russell, representing the accountant, presents the question as to whether, if it be assumed that the gifts to the sisters were life estates, there is a right of survivorship in the entire income.

He cites Goldstein v. Hammell, 236 Pa. 305, holding that joint tenancies are not favorites of the law, and that in the absence of a clear intention to vest the estate in the survivor, the estate would vest severally. A contrary finding, he recites, is found in Hartley's Estate, 19 Dist.R. 303. In my opinion, the testator in the present case intended the survivor of his two sisters, who, I hold, took life estates, to enjoy the entire income until the time of her death, as well as the power to consume the principal. This is not the ordinary case of a joint tenancy but life estates in the two sisters, and upon the death of the first the entire enjoyment passed to the survivor.

*John Russell, Jr.*, and *Howard H. Rapp*, for exceptants.

*Charles C. Townsend*, of *Townsend, Elliott & Munson*, contra.

STEARNE, J., May 26, 1933.—The auditing judge was so clearly correct in his construction of this will that there is nothing which we can profitably add to what he has written, or to the authorities which he has cited. If there should be the slightest shadow of doubt it is removed by the clause of the will which provides that a named trust company is to "take charge of *my* estate *after the death* of my two sisters and turn it over to the two institutions named above." The exceptions are dismissed and the adjudication is confirmed absolutely.