Rapson's Estate

Jay B. Leopold, L. Irving Reichner and Thomas A. Brennan (of the New York Bar), for exceptant.

J. Russell Gibbons and Daniel C. Donoghue, contra.

VAN DUSEN, J., November 30, 1934.—In this case, the testatrix gave to her husband all the residue of her estate. She also provided "in case of my husband dying before me, or both dying by accident at the same time or after me then I will and bequeath that all my estate with the exception of Clause 3rd go to the Pennsylvania Society of Cruelty to Animals, for the Ambulance Department". There are other portions of the will which a lawyer would regard as inconsistent with an absolute estate in the husband. The sale is directed of certain jewelry and furniture which forms part of the residue given to the husband; if the husband sells the real estate, directions are given with regard to the investment of the proceeds; the husband's income is to begin at the death of the testatrix; the society "shall have no part of or in my estate during my husband's lifetime, or hinder him in any way whatsoever during his lifetime".

"Where words sufficient to vest an absolute interest are used in a will, such interest is not to be cut down by subsequent provisions unless the testator has indicated a clear intent to take away the estate previously given: Long's Est., 270 Pa. 480, 485-6; Smith v. Bloomington Coal Co., 282 Pa. 248, 251; Robinson's Est., 282 Pa. 531, 534; Conner's Est., 286 Pa. 382, 387": Cross et al. v. Miller, 290 Pa. 213; Billmyer et al. v. Billmyer, 296 Pa. 31; Fritz v. Gehris, 98 Pa. Superior Ct. 453.

"Where it is apparent from the words of the will that the dominant purpose of the testator is to devise a fee simple estate, and the subsequent language indicates merely a subordinate intent to strip the estate thus given of one or more of its inherent attributes, the law will hold that this cannot be done, and the fee simple estate passes to the devisee with all of its inherent qualities:" Pattin v. Scott, 270 Pa. 49.

The sentence quoted above, containing the supposed gift to the society, is ambiguous. The words "or after me" (which are interlined in the original) in connection with the words immediately preceding may refer to the death of the husband after the wife as a result of the same accident. Or they may be read as a gift over after the death of the husband at any time. Even if they have the latter meaning, the case becomes strikingly similar to Fritz v. Gehris, supra. In that case, there was an absolute gift to the wife; then there were

20

some precatory gifts; then followed the provisions "after her death the estate is to be divided equally among the following institutions". It was held that the wife took a fee.

The cases cited and many others contain numerous illustrations of the attempts of confused and ill-instructed testators to put limitations on or give unnecessary powers to an absolute ownership already given. Such provisions are not construed as cutting down the fee. For example, a gift of income following a gift of principal will not do so: Graham v. Gamber et al., 95 Pa. Superior Ct. 187. Neither will words giving to a devisee power to dispose of property previously given in fee: Billmyer et al. v. Billmyer, supra. There is no express reduction of the husband's interest to a life estate in this will.

The exceptions are dismissed, and the adjudication is confirmed absolutely.