**WALLACE et al. v. R. E. STONE CO.**
No. 5585.

Circuit Court of Appeals, Third Circuit.
March 5, 1935.

■■■

E. C. Higbee; R. E. Umbel, and .W. Brown Higbee, all of Uniontown, Pa., for appellants.

A. M. Simon, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Western District of Pennsylvania entered for the defendant upon the pleadings in an action in ejectment. By will dated September 18, 1888, John Wertenbach devised the land in dispute to his daughter, Catherine M. Wallace, who at that time was married, but childless. Her first child was born prior to May 7, 1889, the date of the testator's death. The controversy arises under the sixth paragraph of the will, which provides: "I give to and devise to my daughter Catherine Mariah Wertenbach, now wife of B. P. Wallace (here follows a description of the real estate). The above described property is bequeathed to my Daughter for her own personal use and Controll and in Case of her death without any living children then the property to be sold and the proceeds thereof to be divided share & share alike between my three Boys or their legal representatives."

In 1916 Catherine M. Wallace, then a widow, and three of her five children deeded to the appellee real estate which included that devised to her by her father's will. The other two children, the appellants herein, did not join in the deed. It was not until their mother's death, approximately fourteen years later, that they brought this suit in ejectment.

The appellants claim that, under the will of their grandfather, their mother took only a life estate with remainder to her children surviving at her death; that, inasmuch as they did not join in the conveyance to the appellee, they are now entitled to judgment for an undivided two-fifths interest in the real estate; and that the District Court was in error in holding that Catherine M. Wallace, having survived the testator, took an estate in fee simple.

The intention of the testator controls as to whether the devisee received merely a life estate in the devised land or an estate in fee simple. In the sixth paragraph of the will, the testator used the phrase: "I give to and devise to. * * *" Even in the absence of words of inheritance or perpetuity, this phrase serves to convey a fee-simple estate. By the Pennsylvania Act of June 7, 1917, P. L. 403, § 12 (20 PS. § 224), it is provided: ."All devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by a devise over, or by words of limitation or otherwise in the will, that the testator intended to devise a less estate."

See Kidd's Estate, 293 Pa. 21, 141 A. 644; Cross v. Miller, 290 Pa. 213, 138 A. 822.

In effect it is conceded by the appellants that the testator's wife and sons each took a fee in land devised under other paragraphs in which the testator used the identical phrase: "I give to and devise to. * * *" The dispute ·as to the kind of interest devised to Catherine M. Wallace is due to the appellants' interpretation of the language contained in the latter part of the sixth paragraph which they claim serves to cut down the fee-simple estate previously given to a life estate. That contention fails to take into account well-settled principles of real estate law. It has been frequently held that, where the words used in a will are sufficient to vest an absolute estate, such estate is not to be cut down by subsequent provisions unless the testator has indicated a clear intention to take away the estate previously given. To the authorities already cited by the District Court, we add Crawford v. Withrow, 314 Pa. 497, 171 A. 894; Lerch's Estate, 309 Pa. 23, 159 A. 868; and Billmyer v. Billmyer, 296 Pa. 31, 145 A. 674.

The District Court, speaking of the effect of the latter part of the paragraph in controversy, said: "Where a devise is made to a person absolute in the first instance and it is provided in the event of death, or death without issue, other persons shall be substituted, such a devise in the absence of a contrary intent shall be construed to mean death or death without issue before the testator."

See Crawford v. Withrow, supra; Lerch's Estate, supra; and cases relied upon by the District Court.

We conclude that, under the cited authorities, the sixth paragraph of the will devised an estate in fee simple to Catherine

M. Wallace; that no language in the will has the effect of limiting the fee; that the phrase, "in case of her death without any living children," refers to her death in the lifetime of the testator; that since Catherine M. Wallace survived the testator, she took an estate in fee simple and not a life estate; and that the appellants, children of Catherine M. Wallace, have no right, title, or interest in the property.

We find no error in the reasoning and conclusions of the learned judge of the court below.

Judgment affirmed.