## Rapson's Estate.

Argued April 24, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

588

*Jay B. Leopold,* with him *L. Irving Reichner* and *Thomas A. Brennan,* for appellant.

*Daniel C. Donoghue,* with him *J. Russell Gibbons,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 29, 1935:

The principal question for our determination in this case is whether the will of Sarah Ginn Harris Rapson, deceased, gave to her husband an absolute or a life interest in her residuary estate. Appellant, a niece of testatrix, contends the will of testatrix gave to the husband a life estate only, but we agree with the court below that the husband, who is now dead, received a greater estate. This conclusion is apparent from a consideration of the provisions of the will in the light of the relevant legal principles.

The will, dated November 24, 1922, is entirely in the handwriting of testatrix. Clauses one and two make provision for decedent's burial and payment of her debts. Clause three contains a specific bequest of testatrix's diamond necklace and diamond bracelet to her friend Lottie P. West. The fourth paragraph reads: "I wish all other jewelry (except that mentioned in clause 3rd and that jewelry given me by my husband which I bequeath to him) sold together with such portions of silverware and furniture as he does not want." Clause five is as follows: "I give and bequeath to my husband John Shaw Rapson all the rest residue and remainder of my estate no matter where situate." The next portions of the will give rise to

the controversy in this case. Clause six provides: "Should he sell the Real Estate the money must be put either in other Real Estate, Mortgages or Gilt edge securities." The seventh clause reads: "In case of my husband dying before me, or both dying by accident at the same time, or after me then I will and bequeath that all my Estate with the exception of Clause 3rd go to the Pennsylvania Society of Cruelty to Animals, for the Ambulance Department." By the eighth paragraph of the will testatrix appointed her husband executor to serve without bond and provided that "the income shall commence at once after my death." Paragraph nine is as follows: "I also direct that the Society for the Prevention of Cruelty to Animals, Ambulance Department shall have no part of or in my estate during my husband's lifetime, or hinder him in any way whatsoever during his lifetime."

In considering the various clauses of this will there are two general canons of construction which we must keep in mind. The first is that the will must be construed to avoid an intestacy as to any part of the estate, if possible. The second rule is that since there is an express and unambiguous gift of the residue to testatrix's husband, a mere doubt as to the effect of subsequent clauses in reducing the quantum of his interest must be resolved in favor of the vesting of an absolute estate in him. Considered in this light clause six is not inconsistent with an intention on the part of testatrix to vest a fee as to the real estate in her husband, since it assumes he has the power of sale, and the remainder of the clause has merely the effect of directing how the proceeds shall be reinvested. Clause seven is no more than a provision for the disposition of her estate in the event her husband predeceased her or in case they were both killed as a result of an accident. By the words "or after me," which were interlined by testatrix and apparently inserted as an afterthought, testatrix envisaged the possibility that her husband might be fatally injured in an accident causing her death but survive her for some period of time. In

any of these contingencies she desired her estate to go to the named charity. Entirely apart from other considerations, this clause would nevertheless be inoperative because the husband survived the wife and neither died as a result of an accident, and for the further reason that the will was not witnessed.

The ninth paragraph of the will is difficult to harmonize with the earlier passages. At no place in the will is the husband given a life estate. The direction that the Society for the Prevention of Cruelty to Animals shall have no part of testatrix's estate during the husband's lifetime would seem to have been inserted to make sure the husband would receive the income from the estate until his death in the contingency earlier referred to, i. e., an accident causing fatal injuries to both but resulting in the husband surviving the wife for some indeterminate period of time. The record discloses that it was not unnatural for testatrix to have been highly concerned over the possibility of an accident occurring in which both she and her husband would be killed, for it was their custom to take long trips together frequently. The court below suggests that clause nine indicates a request to the husband that some provision be made by him in his will for the society. In any view of the case this section of the will is ineffective to reduce the quantum of the estate given the husband by the fifth paragraph.

The conclusions we have reached in this case are supported by numerous authorities, of which it will be necessary to refer to only a few. "Where words sufficient to vest an absolute estate are used in a will, such interest is not to be cut down by subsequent provisions, unless the testator has indicated a clear intent to take away the estate previously given": Lerch's Est., 309 Pa. 23, 27, and cases there cited; Pattin v. Scott, 270 Pa. 49; Fritz v. Gehris, 98 Pa. Superior Ct. 453. "It is a well-settled rule of construction that a will is not to be interpreted so as to produce an intestacy as to any part of the testator's estate, if it may reasonably be construed so as to avoid such

a result": Ingham's Est., 315 Pa. 293, 296, and cases there cited.

The decree is affirmed at appellant's costs.