## Goodin's Estate

Before Van Dusen, Stearne, Sinkler, Klein, and Bok, JJ., and Marx, P. J., twenty-third judicial district.

*Maurice A. Hogeland,* for David B. Provan, exceptant.

*Joseph M. Leib* and *John J. McDevitt,* for Donald P. Burke, exceptant.

*Carlyle H. Ross,* contra.

VAN DUSEN, J., December 18, 1936.—Testatrix gave a share of the residue in trust for a daughter, Eliza J. Goodin, for life, and after her death the principal to her issue who should survive her, and, if she should die without issue surviving her, then to other children of testatrix, Charles E. Goodin and Mary A. Provan. Another share she left in trust for her daughter, Mary A. Provan, for life, and after her death to her issue, and, if she should leave no issue surviving her, then to divide the principal equally between testatrix's two other children, Charles.E. Goodin and Eliza J. Goodin. The language of the two clauses is slightly different, but this difference does not affect the point involved.

This account relates to the fund for Eliza J. Goodin. She died without issue. Up to this point in the will it is clear that Charles E. Goodin and Mary A. Provan are entitled to the principal.

But the will further provides:

"Inasmuch as it is my desire, so far as possible, to have my said daughter's share in said residuary estate held in trust for them and for the lives of their issue, I direct that as to such of the issue of any of my daughters who may be living at the time of my death, and who may under the preceding terms of this will become upon the death of their parent entitled to shares of my estate, such shares shall not be paid to them, but shall be held by my said trustees, in trust, to pay the income to them respectively during their respective lives, and upon the death of each of them, to pay the principal of his or her share to such issue as he or she may leave surviving, per stirpes, and in default of such surviving issue, to such persons as would be entitled under the intestate laws of the State of

Pennsylvania, had he or she died intestate, seized and possessed thereof."

The auditing judge held that this latter clause so altered the prior absolute gift to Mary A. Provan that the share which she would otherwise get for herself was to be retained in trust, and he so awarded. As Mary A. Provan is dead, the award stated that the trust was for her sole surviving issue, her grandchild, Donald P. Burke, for life.

We think that the auditing judge was in error in reading the clause which begins with the word "inasmuch" as disposing of Mary A. Provan's share in this fund. It does not dispose of any daughter's share, in spite of the opening words. It disposes only of the shares of the issue of the daughters, and not all of them.

The will says: "I direct that as to *such of the issue* of any of my daughters who may be *living at the time of my death*, and who may under the preceding terms of this will become upon the death of their parent entitled to shares of my estate, *such shares* shall not be paid to them", and then follow the provisions for holding such shares in trust.

Before this, testatrix had given a share in trust for each daughter for life, with remainder of the principal to the issue who should survive her. Then testatrix set about limiting the shares of the issue. Because of the rule forbidding the too remote vesting of estates, she confines her provisions for life estates to those of the issue who shall be living at the time of the death of herself, testatrix. By way of inducement and explanation testatrix precedes her actual dispositive words by saying "inasmuch as it is my desire, so far as possible to have my said daughter's share in said residuary clause held in trust for them and for the lives of their issue." There is no doubt, as the auditing judge held, that the word written "daughter's" is to be read in the plural. But testatrix had already given each "daughter's share" (each original share) in trust for the life of the daughter, and did not need to do it over again. She refers to that fact as leading

up to the further proposal to limit the shares of the *issue* of a daughter, as the will says, "so far as possible". It is not a reference to the share which one daughter might acquire in the share of another daughter, because of the failure of issue of the latter. The language is, "my said daughter's share . . . held in trust for them and for the lives of their issue". This is not descriptive of the contingently acquired share of a daughter, but of a daughter's original share.

We repeat that the reference to the daughters' share is explanatory only, and when the disposing part of the sentence is reached the subject of the verb is "such shares". The preceding phrase explains that these are the shares of the issue of the daughter who may be living at the time of the death of the testatrix, and who may under the preceding terms of the will become upon the death of the parent entitled to shares of her estate.

It is also pertinent to refer to a rule which is thus expressed by Judge Penrose in Lang's Estate, 16 Phila. 308:

"It is an established rule that restrictions upon original shares do not extend to accrued shares, in the absence of a clearly expressed intention to that effect". See also Masden's Estate, 4 Whart. 428, 441; Stille's Estate, 69 Pa. Superior Ct. 56; Eyre's Estate, 23 D. & C. 442.

Because the original share was in trust it does not necessarily follow that the accruing share must likewise be held in trust. The accruing share was plainly bequeathed in fee, which bequest may not be cut down except by words indicating a clear intent: Cross et al. v. Miller, 290 Pa. 213; Rapson's Estate, 318 Pa. 587. No such clear intent is apparent in this case which would warrant cutting down this accruing share to a life estate.

One half of the fund now accounted for, therefore, should have been awarded to Mary A. Provan, payable to her executors. No exceptions have been filed by these executors, but exceptions were filed by her husband, who elected to take against her will, and who is entitled to as-

sert the rights which will evidently benefit him, although the executors through whom he claims do not do it for him.

The exceptions of David B. Provan are sustained to the extent of awarding this share in the manner indicated.

Donald P. Burke also filed exceptions, claiming the principal for himself in his own right, and not in the right of his grandmother Mary A. Provan. We are unable to follow the argument made in support of these exceptions, and they are dismissed.