## Amies' Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bok, and Bolger, JJ.

*Franklin G. Banks,* for petitioner.

STEARNE, J., March 25, 1937.—This is a petition under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended, to adjudicate the title of Laura Amies in premises 4719 Northwood Avenue, Philadelphia, under the will of decedent. We are of opinion that the petition should be granted.

Testator appointed trustees "relating to the herein stated devisements of [his] will". He provided:

"The property No. 4719 Northwood Ave., Phila., Pa., to be allowed in service of my son William Richard Amies and his wife Laura so long as they both shall live. The said trustees shall pay the taxes upon the said property out of my said annual income and devote to my said son and his wife Laura, one-third of my annual income."

The next clause concerns his second son, as to payment of certain of his indebtedness, and bequeaths to such son one third of the income. The remaining third of the income he divides between two grandchildren, children of a deceased daughter. The will contains no residuary clause. On the audit of the executors' account, an auditing judge decided that the "will lacks a residuary clause, hence as to the residue, if any, decedent died intestate and same passes to his next of kin in accordance with the intestate

laws". Although the same parties are presently before me, no exceptions were filed to the adjudication, which is now confirmed absolutely.

Laura Amies maintains that the real estate was devised to her in fee. In support of such contention her counsel cites Graham v. Gamber et al., 95 Pa. Superior Ct. 187; Biles et al. v. Biles, 281 Pa. 565; Buechley's Estate, 283 Pa. 107. In the Graham case there was an absolute devise in fee, which was followed by the words that the devisee should "collect the rents from [the real estate] as long as she shall live". It was held that such clause did not reduce the absolute devise to a life estate. The Biles case held that the remainderman possessed a vested and not a contingent remainder. The Buechley case is added authority for the familiar principle that where a gift is absolute, in order to reduce it, language must be equally clear and explicit as the words of the gift itself. None of these cases, in our opinion, rules the present situation.

This will was most inartistically drafted. Manifestly it is of testator's own creation. The intention of testator must be sought from the whole instrument, and must be construed by itself on its own unusual phrasing. Each will is its own best interpreter, and a construction of one is no certain guide to the meaning of another: Williamson's Estate, 302 Pa. 462.

As we interpret this will testator placed his whole estate in trust, having regard for his two living children and the children of a deceased child. To the eldest son, William, and his wife, Laura, he provided that the real estate in question should "be allowed in [their] service, as long as they both shall live". His trustees were directed to pay the taxes upon the property and to pay the son and his wife one third the annual income. The remaining two thirds of his income he bequeathed to his other child and the grandchildren. No disposition was made of the principal and there is no residuary clause. While every reasonable construction is against an in-

testacy, especially where it is manifest that testator contemplated disposing of his entire estate, yet, upon occasion, such intestacy must be declared: Gibbons' Estate, 317 Pa. 465.

We are therefore of opinion, and so decree, that Laura Amies, widow of William Amies, possesses an equitable life estate in premises 4719 Northwood Avenue, Philadelphia, and that testator died intestate as to the remainder.